# Young *et al. v.* The State.

### *Indictment for Murder.*

1. *Questions not noticed in detail; affirmed on authorities.*—The questions presented in argument are not considered in detail. The judgment of conviction is affirmed and reference made to *Ex parte* Winston, 52 Ala. 419; *Floyd v. The State*, December Term, 1876; *Craton's case*, 6 Ire. 164; *Boots Coleman v. The State*, present term.

APPEAL from the Circuit Court of Perry.
Tried before the Hon. GEO. H. CRAIG.
The indictment in this case charged that "Albert Young, *alias dictus*, Albert Poole, Silas Wright, *alias dictus*, Bob.

Jones, and Lucius Porter, unlawfully and with malice afore-thought, killed Isaac D. Moore, by shooting him with a gun," &c. Defendants were convicted of murder in the first degree, and sentenced to be hung on Friday, the thirtieth of November, 1877.

On appeal to this court, the defendants assign as error:

1. The foreman of the grand jury was not sworn according to law.

2. The grand jury was not sworn according to law.

3. The record does not show that the prisoners were present in court when the verdict was rendered.

4. The record shows that the jury were sworn on the tenth and last day of the trial.

5. The jury was not sworn according to law.

6. The jury was sworn after they were charged with the case.

7. The jury were sworn after the judge charged them with the law of the case, if they were charged at all.

8. The record fails to show that the jury was charged with the law of the case.

9. The record shows that the defendants were in actual custody, but it fails to show that a copy of the indictment and list of jurors summoned for the trial, were delivered to the prisoners according to law.

10. The court erred in striking W. A. Craig from the list of special jurors.

11. The jury was not drawn according to law.

12. The verdict of the jury was not read aloud by the clerk.

13. The sentence of death was not pronounced according to law.

14. The court did not ask the defendants if they had anything to say why sentence of death should not be pronounced against them.

From the view taken of this case by the court, and from an investigation of the record, it appears that these assignments are not well made.

W. B. MODAWELL, L. N. WALTHALL, and P. B. LAWSON, for appellants.

JOHN W. A. SANFORD, Attorney-General, and CHARLES G. BROWN, *contra*.

STONE, J.—We have carefully considered the many points urged in argument, why we should reverse the judgment of conviction in this case, and the result is that we find no error

[Rountree et als. v. The State.]

in the record. We consider it unnecessary to notice the questions in detail. See *Ex parte* Winston, 52 Ala. 419; *Floyd v. The State*, 55 Ala. 61; *State v. Craton*, 6 Ire. 164. We have fully considered the charges excepted to, and find no error in them.—*Boots Coleman v. The State*, at the present term.

Affirmed.