Ward v. State.

| 45 | 351 |
| 54 | 544 |

WARD v. STATE.

1. LIQUOR: *Selling to minors.*
 A defendant cannot be convicted of selling liquor to a minor, who merely delivers liquor to him under a purchase by another who treats him. The sale is to the purchaser and not to the minor.

APPEAL from *Nevada* Circuit Court.
Hon. L. A. BYRNE, Circuit Judge.

*Smoote, McRae & Hinton* for Appellant.

1. The circuit court erred in giving the instructions asked by the state, and in refusing the instruction asked by appellant, for there was no direct evidence of a sale to the minor, Will Arnold; and the question as to whether there were circumstances in evidence justifying the jury in finding that there was an indirect sale—that the minor was using Rowland to screen his own participation in the purchase—should have been submitted to the jury under proper instructions from the circuit court. *Seigel v. People, 106 Ill., 29.* This the court refused to do.

2.  The verdict was contrary to the evidence; for there was no evidence tending to show a sale to the minor. The evidence shows that the sale was to Rowland, an adult, and that the only connection the minor, Arnold, had with it, was to participate in the drinks.  *Seigel v. People, supra.*

*Dan W. Jones,* Attorney General, for the State.

The evidence in this case very clearly discloses the fact that appellant, in the full spirit and meaning of the law, sold liquor to a minor, without the consent of his parents or guardian. This was a question of fact.  *Hale v. State, 36 Ark., 150.*

If a subterfuge, like that set up in this case, should be allowed to protect liquor sellers, there would be no use for a statute like ours to protect minors against the baneful influences of rumsellers and grogshops.

Appellant knew that the liquor was being bought for the minor, to be drank by him, and with this knowledge he sold it. The statute would be a dead letter if it could be evaded by such means as this.

The court properly gave the law, and the evidence fully sustains the verdict.

SMITH, J.  Ward was convicted of selling liquor to a minor. He moved for a new trial, because the verdict was contrary to the evidence, and for misdirection of the jury.

There is no controversy about the facts.  One Rowland, an adult, invited several persons, including a minor, to drink with him at the bar of defendant's saloon.  Each named his drink, and glasses and a bottle of whisky were set out.  The minor and the rest of the party drank in the presence of the defendant.  Rowland paid for all the drinks, and the minor furnished no part of the money, but drank at the expense of Rowland.

The circuit court charged, in effect, that this was a sale to the minor within the prohibition of the statute, and refused to charge the converse of the proposition, viz: That it was not a sale to the minor, unless the jury should believe that Rowland was used by the minor as a screen to conceal his own participation in the purchase, and that it was of no consequence that the barkeeper saw the minor present and understood that he was to drink one of the glasses.

*Sec. 1878, of Mansf. Dig.*, provides that any person who shall sell any ardent, vinous, malt or fermented liquors to a minor, without the written consent or order of the parent or guardian, shall be guilty of a misdemeanor.

A sale denotes the transfer of the property in a thing, from one to another, for a valuable consideration. This is its popular, as well as its legal, signification. There must be parties standing to each other in the relation of seller and buyer; their minds must assent to the same proposition; and money must be paid or promised. *Bishop on Statutory Crimes, Sec. 1013, and cases cited; Benjamin on Sales, Sec. 1; Cooper v. State, 37 Ark., 418.*

None of these requisites exist in the present case. The defendant has not sold, or intended to sell anything to the minor. The minor has not paid, or promised to pay, any money. No contract, express or implied, has been entered into, or contemplated, between them; and the parties have had no dealings with each other, so far as the evidence discloses. Rowland has simply "treated" the minor to a dram of whisky, purchased of the defendant. Nothing indicates that Rowland was the minor's agent in the transaction.

*Commonwealth v. Packard, 5 Gray, 101*, was an indictment for unlawful sales of intoxicating liquors. The witness swore that he called for liquor, at a public house, kept by defendant,

and that a waiter, by defendant's order, delivered it to him; that witness had never paid defendant, nor the waiter; that he offered to pay, but defendant declined to take anything. It was held that this was no evidence of a sale. The court said: "A sale of intoxicating liquors is a delivery, upon compensation made or stipulated to be made. There must be an agreement to pay, to make it a sale; otherwise it is a mere gratuity." See also, *Stevenson v. State, 65 Ind., 409,* to same effect.

*St. Goddard v. Burnham, 124 Mass., 578,* was an action of tort, to recover a forfeiture for selling intoxicating liquor to the plaintiff's minor son. On the trial it appeared that one Berger went into the defendant's bar room, and there treated the minor with whisky; that the minor did not buy or pay for the whisky, but that Berger ordered and paid for all of it, the minor, however, stating what kind of liquor he wanted, and receiving the same directly from the hands of the bartender. The court said: "The evidence in this case would not warrant the jury in finding that the liquor was either sold or given to the minor," (by the defendant.) "The fact that the liquor was called for and paid for by Berger, and that the minor did not buy or pay for it, is not in dispute. . . . The character of the transaction is not changed by the fact that the kind of liquor wanted was left to the choice of the minor, or that it was received directly by him. A delivery to the minor did not make it a gift to him from the defendant. It was, indeed, a gift, but it was the gift of Berger."

The same result was reached in *Seigel v. People, 106 Ill., 89,* where the indictment was for the same offense, under a like statute, and where the facts were substantially the same as in the case under consideration. We quote the reasoning of the court, as, in our judgment, it is unanswerable:

"There is nothing exceptional in a sale that distinguishes it from other contracts, as respects the concurrence or coming together of the minds of the parties; and so, in general, if not

universally in cases of sales, parties are only bound by that to which they, in fact or in legal presumption, knowingly assent.

"If A proposes to buy of B, and B agrees to sell to A, B does not become bound to sell to C; and for like reason, if such contract be consummated as thus made, it must amount to a sale to A, and cannot be held to be a sale to C. Upon the plainest and most obvious principles of natural right, as respects private property, when the question is unaffected by a public duty, an individual may contract to sell to whom he pleases, and he cannot be obligated to a person, or by terms which he did not have, and could not reasonably have had, in contemplation, when he contracted. . . . We cannot extend the terms of a criminal act beyond its clear legal effect. We cannot construe the word 'sell,' in such a statute, to mean something different from its ordinary legal import, and we, therefore, only understand a prohibition against persons selling to minors, to extend to those who, in legal estimation, occupy the position, and are under all the obligations of contractors with minors. The prohibition against selling is only as to the excepted class, and no liability of a criminal nature is imposed upon the vendor on account of the motives with which the vendee shall purchase, or the uses to which he shall apply the liquor. . . .

"This view shows that the section under consideration may be easily violated, without the probability of punishment for the violation. But that only proves the necessity for its amendment. It furnishes no excuse for supplying, by judicial construction, what is palpably omitted."

The language of the Ohio statute is: "It shall be unlawful for any person to buy for or furnish to any minor, to be drank by such minor, any intoxicating liquors," etc. And it was decided, in *State v. Munson, 25 Ohio St., 381*, that a saloon keeper, who supplied liquor to a minor, to be drunk by him,

was punishable, although it may have been purchased and paid for by another. But the Ohio act is much broader than ours.

The verdict is without evidence, and the directions to the jury were wrong.

Reversed and remanded for a new trial.