## W. A. BUCHANAN v. STATE

No. A-217.   Opinion Filed November 30, 1910.

(112 Pac. 32.)

1.   PARTIES TO OFFENSES—"Principals"—Who Are. All persons who take part, participate, or engage in an offense are guilty as principals. It is immaterial as to whether they have any interest in or receive any financial gain from the commission of such crime.

2.   PARTIES TO OFFENSES—Defenses—Agency. The law of agency as applied in civil cases has no application in criminal cases, and no man can escape punishment when he participates in the commission of a crime upon the ground that he simply acted as agent for any party.

3.   INTOXICATING LIQUORS—Illegal Sale—Purchase by Agent. Any person who acts as a messenger or agent of the buyer in going after, purchasing, and bringing back prohibited liquors is thereby aiding and assisting in the sale of such liquors, and may be prosecuted and convicted for such sale. Reed v. State, 3 Okla. Cr. 17, 103 Pac. 1070, 24 L. R. A. (N. S.) 268, overruled.

(Syllabus by the Court.)

*Appeal from Carter County Court; I. R. Mason, Judge.*

W. A. Buchanan was found guilty of violating the prohibitory law, and appeals.   Affirmed.

*Champion & Champion* and *Harreld & Ward,* for appellant. *Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE.   The defendant resided at Durwood, in Carter county, Okla.   At the time of the trial of this case he was a notary public and clerk of the township in which he resided.   He maintained an office in Durwood, in which he kept some books and stationery and such other things as are used in notaries' or township clerks' offices.

Lee York, a witness for the state, testified: That some time in November or December, 1908, one evening he met the defendant and asked him if he knew where the witness could get some

whisky. The defendant replied that he did not know for certain, but that he would go and see. The witness handed the defendant 50 cents. This occurred in front of the defendant's building in the town of Durwood. The defendant went into his house and was gone three or four minutes. Soon afterwards some one came around from the back end of the building and handed the witness a one-half pint bottle of whisky. In about an hour after this the witness went to see the defendant again to get some more whisky. He gave the defendant $2, and the defendant went off after the whisky. That the witness waited as before. In three or four minutes some one came and handed two bottles of whisky to the witness. Chas. Vernon testified, on behalf of the state, that some time during November, 1908, the witness was at Durwood painting a schoolhouse; that one night he was with the witness York when some one whom he did not know and whom he did not recognize came and handed York and himself two bottles of whisky; that the arrangements to get the whisky had been made by York; that they received the whisky at the door of the defendant's place of business.

Defendant testified: That York asked him if he knew where he (York) could get some whisky; that he replied that he did not know where; but that he (defendant) might be able to get it for him. The witness York then gave the defendant 50 cents. That defendant went out and met a man who was in the habit of handling whisky and gave him the money and took the whisky and laid it on the counter of his (defendant's) store, and defendant did not know whether York received the whisky or not. The defendant denied absolutely that he had gotten any more whisky for York that night, as was testified to by the witness York. The defendant then requested the following instruction to be given the jury:

"The court instructs the jury that if they believe from the testimony that the defendant was only assisting the buyer of the whisky in procuring the liquor, and acted only as the messenger and agent of the buyer in going and bringing back the liquor, and they further believe that the defendant had no interest in the

liquor or in the price paid, and that he was in no way the agent or intermediary of the seller, then in that case he is not guilty, and your verdict should find him not guilty."

The court refused to give this instruction, and the defendant excepted.

So far as numbers are concerned, the overwhelming majority of the adjudicated cases sustain the position taken by counsel for the appellant. In fact, so great is the unanimity among the appellate courts of the states to this effect that, when this question was first presented to us, we adopted the view that where the evidence shows that a defendant charged with the sale of liquor had no interest in the liquor sold or the money paid for it, but acted as a friend or agent of the person purchasing the liquor, he was not guilty under our statutes of selling intoxicating liquor. See *Reed v. State,* 3 Okla. Cr. 17, 103 Pac. 1070, 24 L. R. A. (N. S.) 268. Upon more mature reflection we have become satisfied that this court erred in the doctrine contained in Reed's Case. Section 2027, Snyder's Comp. Laws Okla., is as follows:

"The rule of common law that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice."

Under this provision of our statutes it is the paramount duty of the courts of Oklahoma to so construe the penal laws of the state as will most effectively secure their enforcement, where this can be done consistently with reason and justice. Section 4180, Snyder's Comp. Laws Okla., makes it unlawful for any person to sell, barter, give away, or furnish intoxicating liquor, except as provided for in said act. Section 2045, Snyder's Comp. Laws Okla., classifying parties to crimes, is as follows:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

Under the plain import of this statute all persons who aid and abet in the commission of a crime, or who in any manner are

concerned in its commission, are principals, and may be prosecuted and convicted as such. Any person who is concerned in the commission of a crime, or who aids or abets in its commission, should not be permitted to screen himself from the penalties of the law upon the ground that he had acted as agent for another. If this were permitted, the law would become practically a dead letter, and it would be almost impossible to protect society against the devices and subterfuges of the "bootlegger," because each "bootlegger" could have first one and then another "go-between" who could successfully defend himself upon the theory that he was acting for the purchaser and not the seller. It is no answer to this to say that in such cases the question could be submitted to the jury that, if they found that this was simply a subterfuge, they could convict the defendant, because when this defense is made the jury oculd not arbitrarily pronounce it to be a subterfuge. The burden of proving beyond a reasonable doubt that it was a subterfuge would rest upon the state, and the cases would be few indeed in which such evidence could be obtained. It is therefore seen that to hold that a party charged with the sale of liquor can escape upon the ground that he was an agent of the purchaser would tend to defeat the law, rather than to secure its enforcement. Our law makes the sale of prohibited liquor illegal in the state of Oklahoma, except for certain specific purposes and in a certain clearly specified manner. It does not, however, affix any penalty to the purchaser at an illegal sale, and confines its penalties to the seller. When a person acts as the agent for another in purchasing prohibited liquor in Oklahoma, while such purchase is illegal, he does not thereby render himself liable to the penalties of the law; but when he goes further and aids and abets the seller by delivering or assisting to deliver such liquor, under section 2045, above quoted, he thereby assists in the commission of a crime and renders himself just as amenable to the law as the person who actually made the sale, upon the ground that he has aided and abetted in the commission of a crime. It is true that he may not himself have made a sale of liquor to the purchaser,

but he has made himself a principal offender by participating in and having a guilty connection with the commission of the offense.

We are sustained in this by the Supreme Court of Mississippi in the case of *Wortham v. State*, 80 Miss. 212, 32 South. 50, in which that court said:

"The appellant was indicted in the circuit court of Harrison county for the unlawful sale of whisky, and convicted. The facts were agreed to be that 'Charles Thames met the defendant in Mc-Henry, in Harrison county, and asked him if he could get him a pint of whisky, and defendant told him that he could, and thereupon took 50 cents and went off and bought a pint of whisky from another person, not authorized by law to sell same, paying therefor the 50 cents given him by Thames, and that said liquor, so bought and delivered to Thames, was not the property of defendant, who was not interested therein, but was the sole property of the person from whom defendant bought same.' This instruction was given to the jury on the part of the state: 'The court instructs the jury that, if they believe the facts set out in the agreed statement, beyond a reasonable doubt, they will find defendant guilty.' This conviction is assailed upon the grounds: (1) Because the evidence, it is said, will not support a conviction; (2) the instruction is said to be erroneous. 1. The case here made by the agreed statement of facts is substantially the same as *Wiley v. State*, 74 Miss. 727 (21 South. 797). In every case there is a seller as well as a buyer, and a delivery of the whisky sold is an essential and necessary act of the seller to constitute criminality. The seller here, whoever he was, took the hand of Wortham to make a delivery of the whisky to Thames, and Wortham, whatever his intention was, and however his connection with the matter arose, became a participant with the owner of the whisky in the sale of it to Thames. The essential fact of delivery was the sole act of Wortham. And as in misdemeanors all persons who participate in doing any of the acts constituting elements of crime are, in law, guilty as principals, Wortham may not deny responsibility for his part in this transaction. Wortham was not the agent of Thames in the purchase of the whisky. There are no agents in the violation of law. Whatever acts, being the elements of crime, are done by any one, are done by such one as principal, and not as agent. No one of the participants in crime is guilty because of a relation of agency to any of the other persons, but each is guilty because his act is a necessary part of the

whole crime. Wortham was not the agent of Thames, because agency is not predicable of crime; but his act, in respect to both the seller and Thames, is that of a principal actor. In respect to what was done at the instances of Thames, there is no culpability; but, in respect to the delivery of the whisky for the seller to Thames, the act was that of Wortham as a principal."

We regard the argument of the Supreme Court of Arkansas, in the case of *Foster v. State*, 45 Ark. 364, as unanswerable upon this question. The opinion is by Chief Justice Cockrill, and is as follows:

"The appellant was indicted for selling liquor to a minor and was convicted. The proof was that the minor, not wishing to involve the whisky seller in trouble by making a purchase directly from one of them, gave the appellant, whom he met on the street in the town of Malvern, 50 cents and requested him to go and purchase the whisky for him. He took the money, purchased the liquor for the minor with it at a saloon in which he was not employed or interested, returned, and delivered it to the minor. The appellant was an old acquaintance of the minor, and was himself an employee in a saloon. The court refused to charge the jury as follows: 'If the jury believe from the evidence that Ward, the minor, gave the defendant 50 cents and requested him to buy its worth of whisky, and that defendant took the money and went to Taylor & Peyton's saloon, it not being the saloon at which the defendant was a salesman, and purchased the whisky and gave it to Ward, it is not such a sale as is contemplated by the statute, and the jury will find for defendant.'

"It is apparent that the real seller of the liquor in this case was the dealer of whom the whisky was bought. The minor was the purchaser, and the appellant was his agent to make the purchase. The appellant was not the actor in making the sale to the minor, and to this extent he is not within the words of the statute, which inhibits the sale of liquor to minors. Mansf. Rev. St. § 1878; *Young v. State*, 58 Ala. 358. The statute makes no mention of persons who aid, abet, or procure the sale of liquor to minors, but the rule of construction requires that the common law be taken into account in ascertaining the meaning of the act. *State v. Pierson*, 44 Ark. 265. The rule of the common law is that all persons concerned in the commission of a crime, less than a felony, if guilty at all, are principals. 4 Black. Com. 36; *Hub-*

*bard v. State,* 10 Ark. 378; *Sanders v. State,* 18 Ark. 198; *Freel v. State,* 21 Ark. 219. *Hubbard v. State, supra,* was a case of an indictment against one for trespass on the sixteenth section lands, a statutory offense. There was no evidence that the person indicted had ever been upon the lands; but the acts of his slave, done under such circumstances as warranted the inference that they were done by his command or procurement, were held to be sufficient to establish his guilt. In Sander's Case, *supra,* a conviction was upheld upon proof that a public highway had been obstructed, not by the defendant in person, but by another who was not indicted; the court, through English, C. J., saying: 'It was not necessary for the defendant to have felled the timber across the road himself, or for it to have been done by his immediate direction, to make him responsible for the offense. In misdemeanors all persons, who procure, participate in, or assent to the commission of a crime, are regarded as principals, and are indicted as such.' This was the rule applicable to statutory offenses, prior to the enactment of the prohibitory liquor law, and one may incur the guilt of a principal in this, as in other misdemeanors, by aiding in or procuring the violation of the law. *Walton v. State,* 62 Ala. 197; *State v. Munson,* 25 Ohio St. 381; *State v. Rand,* 51 N. H. 361 [12 Am. Rep. 127]; *Johnson v. People,* 83 Ill. 431; Bish. St. Cr. §1029. The buyer of liquor, however, is guilty of no offense under this act, although he aids in and procures the making of the sale. The statute has marked the seller as the only criminal. 'In cases of *mala prohibita,* the fact that the penalty is imposed on only one of two parties whose concurrence is requisite to the commission of the offense, and that the statute was made for the protection of the other party, who is generally regarded as the less culpable of the two, has repeatedly been considered good ground for giving the statute a construction exempting the party not named for criminal liability.' *State v. Rand, supra.* See, too, 1 Bish. Cr. Law, § 657, and note 4; *Harney v. State,* 8 Lea (Tenn.) 113.

"As the minor was guilty of no offense, the appellant cannot be punished for his complicity in the minor's act of purchase. If he had done nothing more than counsel and advise the minor in getting the whisky, he would not have violated the terms of the statute and could not be held to criminal responsibility. One cannot be punished for violating only the spirit of a penal law. But he has done more. He aided and abetted the liquor seller,

and procured him to make the sale to the minor. This is the offense the statute is aimed at. The essence of the offense is a sale to a minor if ·the transaction showed a sale of liquor to the appellant and a subsequent gift of· it by him to the minor, no offense would have been committed, because there would have been no sale to the minor, and giving liquor to a minor is not inhibited by the statute. That was the case in *Ward v. State* [45 Ark. 351], *ante,* where it was held that a dealer, who sold liquor to one treating a minor, could not be convicted of selling to a minor. But the court is careful to say in that case that there was nothing to indicate that the person, who treated the minor, acted as his agent in the transaction. If he had acted as the minor's agent, and the liquor dealer had been apprised of that fact, the latter would have been guilty of selling to the minor (*Young v. State,* 58 Ala. 379, *supra, Siegel v. People,* 106 Ill. 89), and the agent would have been guilty as an aider and procurer of the sale.

"The fact that the minor was absent when the sale was effected cannot alter the case. One may buy through an agent, and when there is no question of agency, although the dealing is with and the delivery to the agent, in legal effect the sale is to the principal. It is true that when the agency is undisclosed the seller may treat the transaction as a sale to the agent, and the agent will be estopped from showing for his benefit a state of facts different from what he has made to appear in the transaction. The principal, in such case is still bound as such, however, if the agent acted within his authority, and, as between agent and principal, the principal is always the contractor and purchaser. *Siegel v. People,* 106 Ill. 89 *supra,;* Wharton, Agency, 496, 431; 2 Kent's Com. 631; *Winchester v. Howard,* 97 Mass. 303, [93-Am. Dec. 93]; *Caldwell v. Mesherd,* 44 Ark. 564. That the state, in a criminal prosecution, can select to treat it as a sale to the principal, instead of a sale to the agent who actually procured the liquor, is sustained by adjudicated cases. See *Com. v. McGuire,* 11 Gray [Mass.] 460; *Com. v. Very,* 12 Gray [Mass.] 124; *Com. v. Lattinville,* 120 Mass. 385. Tayler & Peyton's guilt is immaterial. The guilt or innocence of the act or principal in the first degree, even in felonies, does not affect the guilt of the principals in the second degree, to make use of a common-law term (Mansf. Rev. St. § 1511), and it is immaterial whether the person who was the chief actor in making the sale might or might not have been

convicted. 'However men combine, each one is criminally responsible for what he personally does, * * * for the whole of what he assists others in doing, and for all that the others do through his procurement.' Bish. St. Cr. § 1024. The appellant had the evil design of procuring a sale of liquor to a minor, and his act directly and immediately led to the commission of the offense. This made him a principal in the offense. The instruction asked by the appellant would have authorized his acquittal, if he did not sell, although he may have aided and abetted and procured the sale to be made, and was properly refused.

"The court's charge to the jury was not inconsistent with the views here expressed, and the judgment is affirmed."

We could cite additional authorities to the same effect, but regard these as sufficient. We think that precedents should be weighed and not counted. In the language of Chief Justice Cockrill:

"The appellant had the evil design of procuring a sale of liquor, and his act directly and immediately led to the commission of the offense. This made him a principal in the offense. The instruction asked by the appellant would have authorized his acquittal, if he did not sell, although he may have aided and abetted and procured the sale to be made, and was properly refused."

Even if the sale of the whisky in this case was not made to York, but was made to the defendant, and the defendant was simply acting as the agent of York in making such purchase, the state can elect to treat the sale as having been made to York; and, as the defendant assisted in the delivery of the whisky, he thereby aided in the commission of the offense and is guilty as a principal.

The judgment of the lower court is therefore affirmed, and the sheriff of Carter county is directed to proceed with the execution of the judgment.

DOYLE and RICHARDSON, JUDGES, concur.