Argued September 13; reversed October 2; rehearing
denied November 13, 1934

## STATE *v.* LAUGHLIN
### (36 P. (2d) 350)

*B. A. Kliks,* of McMinnville (Chas. W. Redding, of Portland, on the brief), for appellant.

*L. E. Lange,* of McMinnville (Earl A. Nott, District Attorney, of McMinnville, on the brief), for the State.

BELT, J. The defendant, who operates a beer "parlor" under license of the state, was convicted of selling alcoholic liquor to Miss X, a girl about 19 years of age. Defendant was sentenced to serve 30 days in the county jail and to pay a fine of $250. Hence, this appeal.

One of the principal contentions of the defendant, as presented by the motion for a directed verdict of acquittal, is that the evidence does not support the

charge in the indictment. The record discloses the following fact situation: About 11 o'clock on the night of March 10, 1934, Miss X, together with five other young people who were attending a dance, went into the beer parlor operated by the defendant. As one witness expressed it, "the whole bar lined up", as there were about 20 people in the room. Franklin Graben, a young man over 21 years of age who was accompanying Miss X, ordered two beers and paid the defendant for the same. The beer was served and, as Sheriff Manning testified, the girl took one of the glasses from the counter and drank its contents. There is no evidence tending to show that Miss X ordered the beer or paid for it. The simple facts are that Graben treated his girl to a glass of beer. Under this state of the record, is the defendant guilty of selling alcoholic liquor to this girl who was then and there under 21 years of age?

1. If we give to the words "to sell" their ordinary meaning and legal import, it is clear that the judgment of conviction cannot be sustained, for the simple reason that a sale from A to B does not constitute a sale from A to C. A sale, in the absence of statute defining it otherwise, is a transfer of property from one person to another for a valuable consideration. In the instant case there was no contractual relationship between Miss X and the defendant. As stated in Black on Intoxicating Liquors:

"Where a minor and an adult go together to a liquor-saloon, and the adult calls for liquor and it is furnished to both, and both drink, and the adult pays for the whole, the sale is to the adult, and the dealer cannot be indicted for selling to a minor." Citing in support of the text *Ward v. State,* 45 Ark. 351, and *Siegel v. People,* 106 Ill. 89.

It is to be noted, however, that, in these cases cited, there was no statutory definition of ''sale'' and such term was considered in the light of the common law. *Bartman v. State*, 38 Tex. Crim. Rep. 543 (43 S. W. 984), is to the same effect. In that case an adult and a minor went into a saloon and the former purchased some beer which they then and there drank. In reversing the judgment of conviction, the court said:

''The fact that he (Bisland) visited the saloon with Branson, who purchased the intoxicants, and participated in the drinking at Branson's request, would not make Bisland a purchaser. It may be that the jury convicted appellant because his employee, in response to Branson's request, set out the glass of beer to Bisland, believing this to be a gift by the employee to Bisland. If this was the theory upon which the conviction is predicated, it cannot be sustained. If there was a gift at all, it was from Branson to Bisland, and not from the employee. This was no more a gift to Bisland than it was to Branson. Branson paid for the drinks and caused the beer to be given to Bisland. As the evidence presents this case to us, there was neither a sale nor a gift by appellant or his employee to Bisland of the intoxicants, as alleged in the information.''

It is conceded by the State that evidence showing a gift will not support the charge of a sale for the reason that there would be a fatal variance between the indictment and the proof.

■ It is urged, however, by counsel for the State that, in determining whether a sale was made by defendant, we must be governed by the statutory definition of the term ''sale'' and that the cases cited are, by reason thereof, not in point. Under the Oregon liquor control act, chapter 17, section 3, subdivision 6, Oregon Laws,

Second Special Session, 1933, the words, "to sell" are thus defined:

"To solicit or receive an order for; to keep or expose for sale; to deliver for value or in any other way than purely gratuitously; to peddle; to keep with intent to sell; to traffic in; for any consideration, promised or obtained, directly or indirectly, or under any pretext or by any means whatsoever, to procure or allow to be procured for any other person; and the word 'sale' includes every act of selling as above defined."

But it was expressly provided that such definition was to be followed in the interpretation of the act, "unless the context indicates a different meaning".

Turning to section 33 of the act, we find that:

"It shall be unlawful: * * * For any person to sell alcoholic liquor to any person under the age of 21 years, or to an Indian or for any person other than a parent, guardian, or other responsible relative to give any alcoholic liquor to any person under the age of 21; * * *."

It will thus be seen that the legislature has designated the sale and gift of alcoholic liquors as separate and distinct crimes. Notwithstanding the plain distinction between a gift and sale, none exists if the statutory definition be literally applied. If the definition of sale as set forth in section 3, subdivision 6, of the act be literally applied without regard to the context of the act, there could easily arise the anomalous situation of a liquor vendor, duly licensed by the State, being found guilty of selling alcoholic liquor to minors because he had on his shelves a few bottles of beer, since he would be "keeping and exposing" for sale his wares. In thus defining the words "to sell" it is believed that the legislature intended to guard against

illicit traffic in alcoholic liquors and to prevent subterfuge in sales or indirect methods of circumventing the law, but we are not convinced that it was contemplated that a plain sale from A to B could, by some sort of legerdemain, be transformed into a sale from A to C. Viewing the act in its entirety, we think the words "to sell", as applied to the facts in this case, must be given their ordinary legal import and, when so done, it is clear that the defendant never sold any alcoholic liquor to Miss X. If there were any evidence that Graben was acting as agent of Miss X in purchasing the beer, a different question would be presented.

This court is not unmindful of the necessity of guarding against sale of alcoholic liquors to minors, but it cannot legislate a defendant guilty. In some jurisdictions it is made a crime to "furnish" alcoholic liquor to minors. The word "furnish" is broad enough to include "sale" and "gift". Under such statutory provision, if the liquor vendor knew or had reasonable grounds for believing that the alcoholic liquor would be delivered to the minor, he would be guilty. However, it is to be observed that the Oregon liquor control act vests the liquor commission with authority to cancel or suspend a license when it has reasonable grounds for believing that a licensee has knowingly sold alcoholic liquor to persons under 21 years of age.

In polling the jury, the court asked one of the jurors if she, after hearing the instructions defining the words "to sell", was convinced of the guilt of the defendant beyond a reasonable doubt. The juror replied: "Well, I am the best I could understand the way you read it. The way I understood what you read, that he sold it to the one that gave it to her." It is apparent

that defendant was found guilty upon evidence showing not a sale by him but a gift from Graben to the young lady accompanying him.

There are numerous other assignments of error but, in view of the conclusion reached that there was no sale by the defendant, it is not deemed necessary to consider them. It follows that the judgment of conviction is reversed and the cause remanded with directions to enter a judgment of acquittal.

RAND, C. J., and ROSSMAN and KELLY, JJ., concur.