Argued March 17, affirmed April 12, reconsideration denied May 26, petition for review denied June 15, 1976

HAEGER, *Respondent,*

*v.*

JOHNSON, *Appellant.*

(No. 417633, CA 5205)

548 P2d 532

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Richard L. Biggs,* Portland, argued the cause for respondent. With him on the brief were Martin, Bischoff, Templeton & Biggs, Portland.

[ 131 ]

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

The Attorney General, through the Consumer Protection Division of the Department of Justice, served an investigative demand pursuant to ORS 646.618 on petitioner, division manager of Public Finance Corporation, ordering him to appear and testify in connection with an investigation of alleged unlawful business practices. ORS 646.608(1)(k).[1] Petitioner filed a petition to set aside the investigative demand on the ground that (1) his employer was not subject to the provisions of ORS 646.608 because it is not engaged in the sale of goods and services and (2) his employer is exempt from those provisions because it is supervised by the state Superintendent of Banks and because of the regulatory provisions of the Federal Consumer Credit Protection Act, 15 USC § 1601 et seq (1970), which operate to preempt Oregon law in this field. The trial court entered judgment for petitioner setting aside the investigative demand. The Attorney General appeals.

The Attorney General's investigative demand was in connection with an investigation of alleged violations of the Unlawful Trade Practices Act, ORS 646.605 et seq. The demand required the production of all records and documents relating to a loan to Stephen M. and Judy Kristich and the financing by Public Finance Corporation of a retail instalment contract between the Kristichs and Major Appliance Sales.

Petitioner is the division manager of Public Finance Corporation which is engaged in the business of making loans, extending credit and purchasing instalment obligations. The corporation is licensed to engage in the small loan business in Oregon and is subject to supervision by the Superintendent of Banks

---

[1] "(1)   A person engages in a practice hereby declared to be unlawful when in the course of his business, vocation or occupation he:

"* * * * *

"(k)   Makes false or misleading representations concerning the availability of credit or the nature of the transaction or obligation incurred." ORS 646.608(1)(k).

under ORS ch 725. Public Finance Corporation is also subject to the Federal Consumer Protection Act, 15 USC § 1601 et seq (1970), and regulated by the Federal Trade Commission under 15 USC § 1607(c) (1970).

The Attorney General concedes that the Unlawful Trade Practices Act "does not expressly cover corporations engaged in the business of making loans," but argues that a liberal construction should be given this remedial legislation, *Sunshine Dairy v. Peterson,* 183 Or 305, 317, 193 P2d 543 (1948), to effectuate its purpose of protecting consumers against unlawful trade practices.

The relevant portion of the Act as it arguably applies to petitioner refers to the "* * * sale or offering for sale of * * * goods or services or the conduct of any trade or commerce which is the subject matter of investigation." ORS 646.618(1).[2] "Trade" and "commerce" are defined in the Unlawful Trade Practices Act, ORS 646.605(1), as "* * * offering for sale, sale or distribution of any services * * * and shall include any trade or commerce directly or indirectly affecting the people of this state."[3] The latter sentence obviously refers back to the original mention of "trade" and "commerce" which characterizes the subject of the investigative demand to be a sale or distribution of services or property.

---

[2] "When it appears to the prosecuting attorney that a person has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by ORS 646.608, he may execute in writing and cause to be served an investigative demand upon any person who is believed to have information, documentary material or physical evidence relevant to the alleged or suspected violation. The investigative demand shall require such person, under oath or otherwise, to appear and testify, to answer written interrogatories, or to produce relevant documentary material or physical evidence for examination, at such reasonable time and place as may be stated in the investigative demand, or to do any of the foregoing, concerning the advertisement, sale or offering for sale of any real estate, goods or services or the conduct of any trade or commerce which is the subject matter of the investigation." ORS 646.618(1).

[3] " 'Trade' and 'commerce' mean the advertising, offering for sale, sale or distribution of any services or any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this state." ORS 646.605(1).

[ 134 ]

The activity sought to be investigated in this case is the extension of consumer credit. Under the above definitions we are unable to agree with the Attorney General that the lending of money is a sale of goods or services. While the making of loans would seem to have some aspects of the sale of a service, we are unable to find any cases which hold such to be the case. "Sale" is a word of precise legal meaning. *State v. Laughlin,* 148 Or 485, 36 P2d 350 (1934). A loan of money is not a sale. *United States v. Investors Diversified Services,* 102 F Supp 645, 647 (D Minn 1951). A loan is defined as "to let out (money) for temporary use on condition that it be repaid with interest at an agreed time * * *." Webster's Third New International Dictionary (1969).

The Attorney General contends that ORS 646.608(1)(k) indicates that the legislature intended to include loans of money within the ambit of the Unlawful Trade Practices Act. ORS 646.608(1)(k) provides as follows:

> "[A person engages in an unlawful practice when he] [m]akes false or misleading representations concerning the availability of credit or the nature of the transaction or obligation incurred."

While this section could be read as applying to the activities of a lending agency, it is more reasonably interpreted as referring to credit only with respect to "transaction[s] or obligation[s] incurred" in connection with the sale of goods.

We conclude then that the legislature has unambiguously defined the Unlawful Trade Practices Act as being applicable only to the *sale* of goods and services and that the trial court properly entered judgment for petitioner setting aside the investigative demand. We therefore do not find it necessary to discuss petitioner's other contentions, that it is specifically regulated by the Oregon Department of Banking under ORS 725.060, and by the United States Department of Commerce under 15 USC § 1601 et seq (1970).

Affirmed.