Argued and submitted November 16, 1979,
affirmed January 28, 1980

LAMM, et ux,
*Appellants,*
*v.*
AMFAC MORTGAGE CORPORATION,
*Respondent.*

(No. 78-1545, CA 14272)

605 P2d 730

Thomas A. Huntsberger, Springfield, argued the cause for appellants. On the brief were Robert L. Ackerman, and Ackerman & DeWenter, Springfield.

James H. Clarke, Portland, argued the cause for respondent. With him on the brief were O. Meredith Wilson, Jr., and Spears, Lubersky, Campbell & Bledsoe, Portland.

Before Buttler, Presiding Judge, and Gillette, Roberts and Tongue, Judges.

BUTTLER, P. J.

Gillette, J., specially concurring opinion.

**BUTTLER, P. J.**

Defendant's demurrer to plaintiffs' Second Amended Complaint was sustained. Plaintiffs appeal from a judgment taken against them after they declined to plead further. We affirm.

Plaintiffs' complaint alleged violation of the Unfair Trade Practices Act, ORS 646.605 *et seq.,* based on what they alleged to have been "false or misleading representations" (ORS 646.608(1)(s)) made by defendant regarding the discount fee plaintiffs would be required to pay in a transaction involving a government insured loan to the purchaser of their house. Defendant's demurrer was based on its contention that the Unfair Trade Practices Act is not applicable to loans or extensions of credit. In addition, defendant contends that even if the statute is applicable, plaintiffs have not alleged the making of false or misleading representations but, at most, a promise made by defendant which is not within the ambit of the statute.

We conclude that the Unfair Trade Practices Act does not apply to loans or extensions of credit and, therefore, we need not decide whether the complaint adequately alleges the making of false or misleading representations.

This court decided in *Haeger v. Johnson,* 25 Or App 131, 548 P2d 532 *rev den* (1976), that loans of money were not within the scope of the Unfair Trade Practices Act as it then existed. Plaintiffs contend, however, that the 1977 amendment of the statute expanded the act to include such transactions. They rely on the change made to the definition of "trade" and "commerce" in ORS 646.605(1), which had been confined to advertising, sale or distribution of property or services. *Haeger v. Johnson, supra,* at 134. As amended, the definition includes "advertising, offering or distributing, whether by sale, rental or otherwise, any real estate, goods or services."

The addition of the terms "rental or otherwise" in the face of *Haeger v. Johnson, supra,* explicitly holding

[205]

that loans were not within the ambit of the statute, is no indication of a legislative intent to overrule *Haeger.*

It appears that an attempt *was* made in the 1977 legislature to respond to the decision in *Haeger* by amending the definition of "real estate, goods or services" in ORS 646.605(7) to include loans and extensions of credit.[1] That language, however, was deleted from the final version of the bill. The proponent of the proposed amendment, the Consumer Protection Division of the Department of Justice, determined that the Banking Commissioner had jurisdiction over lending institutions and withdrew their request for that amendment. It sought, by the amendments to ORS 646.605(1) to expand the statutory scheme to cover rentals and leasings, and that appears to be the extent of the amendment to the definition of "trade" and "commerce."

Although in *Haeger* we placed some reliance on the term "sale" used in the Act, the addition of the words "rental or otherwise" by the 1977 legislature clearly were not intended to extend the application of the statute to loans and extensions of credit. The rejection of proposed language designed expressly to accomplish that purpose should resolve any doubt, if there were any. Therefore, plaintiffs' Second Amended Complaint did not state a cause of action and defendant's demurrer was properly sustained.

Affirmed.

**GILLETTE, J.,** specially concurring.

I concur in the result.

I am satisfied from the language of the statute that the trial court's ruling was correct. I strongly object to the majority's buttressing of its opinion with "legislative history" consisting of the withdrawal of a proposed bill in the legislature. The withdrawal of the bill

---

[1] The bill containing the proposed amendments to the Unfair Trade Practices Act was SB 269.

tells us nothing about what ORS 646.605(1) means, but its use by the majority will encourage other parties, in other cases, to cite similarly valueless irrelevancies with a straight face.