WILLIAM HUFF v. THE TERRITORY OF OKLAHOMA.

(Filed September 5, 1905.)

1. APPEAL—Evidence Not Reviewed, When. Where a verdict of conviction in a criminal cause is based upon conflicting evidence and there is competent evidence tending to support each material averment contained in the indictment, this court will not attempt to weigh such conflicting evidence or determine the credibility of the witnesses, nor set aside such verdict.

2. SAME—Exceptions. Where erroneous rulings and decisions of the trial judge are not excepted to at the time and exceptions properly saved, such errors will be treated as waived by the party affected, and objections will not be considered for the first time in this court.

3. SAME—Witnesses—Exceptions. Where the trial judge in the course of the trial of a criminal cause propounds such questions to a witness for the defendant as reflect upon his credibility, and then in the presence of the jury orders such witness under arrest. such action ordinarily constitutes reversible error. But where counsel for the defendant makes no objection to such examination, or order of arrest, and takes no exceptions to such action of the court, the error will be treated as waived by the defendant, and wil' not be available on appeal.

4. SAME—Instructions, Exceptions to. Where the charge to the jury consists of a series of specific instructions separately stated and numbered, a general exception to the entire charge will not be available if the charge as a whole states the law correctly.

5  SAME—Instructions—Duty of Counsel. Where a party desires the court, to give any particular instruction, or to more definitely or fully state any proposition embraced in the charge, it is the duty of counsel to prepare and present to the court such desired instruction and request that it be given, and in the absence of such request, this court will not consider an objection that an instruction, correct as far as it goes, does not fully state the law, or that the court failed to instruct upon any given proposition, where the instructions generally cover the subject matter of the inquiry.

(Syllabus by the Court.)

*Error from the District Court of Day County; before J. L. Pancoast, Trial Judge.*

*Harrison & Tracy, W. S. Wishard* and *Appleget & Houston.* for plaintiffs in error.

*P. C. Simons, Attorney General,* and *Don C. Smith, Ass't.* for defendant in error.

Opinion of the court by

BURFORD, C. J. : The plaintiff in error was convicted in the district court of Day county of the crime of stealing cattle, and was sentenced to seven years' confinement in the penitentiary. He filed a motion for new trial which was overruled, and he now brings the cause to this court upon a petition in error. Numerous causes are urged in support of the application for a new trial, and we will give them such consideration as their merit demands.

The first contention is that the verdict is not sustained by the evidence. This is a fruitful field for the defeated litigant, and one that is rarely neglected, yet it is one into which appellate courts are as rarely required to venture. This contention imposes upon the appellate court the burden of reviewing and weighing all the evidence submitted upon the trial of the cause. The cases are indeed few in which a jury has re-

turned a verdict of guilty and the trial judge has approved the verdict and rendered a judgment of conviction, without any evidence reasonably tending to support such verdict. This court has laid down the rule in numerous cases, in fact it has become the settled law of this Territory, that the supreme court will not set aside a verdict of a jury upon controverted questions of fact, when there is evidence reasonably tending to support the verdict. This court cannot weigh conflicting or contradictory evidence. There are so many considerations which must necessarily be taken into account in weighing evidence, or determining the credibility of witnesses, which are apparent to the careful observer upon the trial of a cause, and which cannot be transferred to paper or conveyed to the appellate court, that experience has demonstrated that unless there is an absolute absence or lack of evidence upon some material element of fact necessary to sustain the verdict, that it is unsafe for a reviewing court to overturn the verdict of a jury.

In the case at bar there is a sharp conflict in the evidence upon every material averment contained in the indictment. The accused not only attempted to establish an alibi, but he contested the ownership and description of the cattle alleged to have been stolen, and numerous other less important questions. The record discloses that there was some evidence reasonably tending to support every material averment and every fact necessary to warrant a verdict of conviction. While counsel in their argument contend that there is an absence of evidence upon some material points, their reasoning goes only to the weight and character of the evidence and to the credibility of the witnesses. Under the rule announced by this court, we cannot interfere with the verdict of the jury.

The next objection pointed out in the brief of counsel for plaintiff in error, is directed against the conduct of counsel for the prosecution. During the examination of a witness, counsel for the prosecution submitted this question: "Are you acquainted with Will Huff, *alias* S. A. Williams?" To which counsel for defendant made the following objection: "We object to the form of the question, we object to the word *alias*. it is prejudicial." To which the court remarked "Well, just leave the *alias* out." The witness answered "Yes sir." There was no exception taken to the ruling of the court nor any request made for a more specific ruling. It is a general rule of practice that an objection made and not ruled upon constitutes no available error, and a ruling of the court which is not excepted to at the time presents no question for review. A failure to accept the ruling of the court upon any question is an acquiescence in such ruling, and waives any objections to the action of the court. Nor is an objection alone sufficient to preserve a question for review on appeal or error. "To save an objection an exception is necessary. This rule is as well settled as that requiring an objection to be made when the action deemed to be erroneous is taken. In the absence of an exception, errors committed by the trial court will be considered waived." (8 Enc. Pl. & Pr. 163.)

The next object urged is against a statement of counsel made during the progress of the trial. The record contains the following:

"Questions by counsel for the prosecution:

"Q If Mr. Steve Tucker swore upon this stand that you parties all went out there from Cheyenne to this round up about one o'clock, was that true or false?

"A.   I don't know sir, I didn't go from Cheyenne.

"Q.   If he swore that you and Ed Woods and John Reed and Jeff Chenoworth—

"By counsel for defendant:   May it please the court, I object to any such hypothetical question as that.

"By counsel for prosecution.:   That is what he testified to.   He testified he and John Reed and the other boys went out together.

"By the court.   Well you can put your question, the jury will know.

"Q.   If he swore here upon this stand and in this court that he, Steve Tucker, and you and John Reed and Joe Miller and Jeff Chenoworth and Ed Woods went out to the round up together, was that true or false?

"A.   I didn't go from Cheyenne with him."

It is insisted that the foregoing questions were improper, and that the statement made by counsel for the prosecution was a misquotation of the previous testimony; that the statement was untrue and prejudicial, and that the court should have sustained  the objection to the  question.   We have examined the entire proceedings as disclosed by the record relating to this matter, and if there was any error committed either by counsel or by the court, no exceptions were taken, and the error is not reviewable.   (*Peters v. United States,* 2 Okla., 116; *Stutsman v. The  Territory,* 7 Okla., 490.)

While the style of examination here resorted to is not to be commended or even approved, it does not constitute such prejudicial error as to warrant  a court of appeals in setting aside the verdict where the error has been waived by a failure to present proper objections and preserve proper exceptions.   It has always been considered improper practice for counsel to ask a witness for his conclusion as to whether

the testimony of another witness is true or false. Each witness must state the facts as he understands them to be, and if the testimony is contradictory, it is within the exclusive province of the jury to determine the credibility of the witness and decide whom they will believe, and which testimony is true or which is false. This right of the jury cannot be invaded under the guise of cross examination, and one witness permitted to determine the truth or falsity of the statements of another; and when such practice is resorted to, whether objected to by adverse counsel or not, the court, should, in order to avoid any possible prejudice, promptly correct such abuse. The real danger lies in the possibility that the jury, instead of drawing their own conclusion from an impartial consideration of the testimony as detailed by the witness, may accept the conclusion of a biased and prejudiced witness that another witness has testified falsely. Where two witnesses contradict each other, the jury, and they alone, must determine the truth or falsity of the testimony of either. Counsel should not urge these matters upon the attention of this court where they have not insisted upon a ruling by the trial court and saved no exception to such action as was taken.

The next contention presented is that the court erred to the prejudice of the plaintiff in error, by ordering the arrest of the witness Tucker during the trial, and in the presence of the jury. It appears from the record that one Steve Tucker was called as a witness on behalf of the defendant, and testified to statements which, if true, would establish an alibi for the defendant. After he had been examined, cross examined, re-examined and excused, but before leaving the stand, the following proceedings occurred:

"By the court: Did you say you were an uncle of the defendant?

"A. Yes sir.

"By the court: Didn't you testify in the trial at Mangum that you saw this defendant on the seventh at the round up on Beaver dam?

"A. I don't remember that I did.

"By the court: If you did testify to that as a fact, was it true or not?

"A. There was a question about that.

"By the court: Did you see him there?

"A. I thought I did.

"By the court: Well, sir, why have you testified you didn't then?

"A. I said I didn't remember whether I did or not.

"By the court: You think you did?

"A. I can't say, when I got there there was a good many of the fellows there, and I wouldn't say for sure whether he was there or not.

"By the court: Mr. Sheriff you may take this man and take charge of him."

Clearly this action by the court in the presence of the jury was erroneous, and apparently prejudicial. The form and effect of the questions propounded to the witness by the court would tend to cast a doubt upon the truthfulness of his answers, and to discredit him with the jury. The questions propounded by the court are also subject to another objection; they disclose the views of the court upon the weight of certain testimony, and a statement of the court as to what the witness has testified to previously, which the witness sought in his answer to contradict and explain. It is practically uniformly held that it constitutes reversible error for the trial judge in the

course of the trial and in the presence of the jury to indicate his opinion upon the weight of the evidence or credibility of a witness, however inadvertent such remark may be, and it is universally the rule that a trial judge must not by remark or action, during the course of a trial, discredit a witness in the presence of the jury. While the character and manner the examination by the court is, we think, the subject of criticism, the action of the court in ordering the arrest of the witness while on the witness stand, is, we think, such an infringement of the rights of the defendant as would warrant the reversal of the judgment and the granting of a new trial, if the error had not been waived by a failure to object or except to the action of the court. While the prisoner made no objection at the time, and saved no exception either to the character of the questions propounded to the witness or the order placing him in custody, it is contended by counsel that the error is fundamental, and will be reviewed by the appellate court without exception, and several authorities are cited in support of this petition. The authorities cited do not support the contention. Where the defect goes to the jurisdiction of the court, of the sufficiency of the charge to support the judgment, an appellate court will examine into such questions although presented for the first time in said court, unless they have been waived by some express action of the accused. But errors occurring on the trial of the cause must be excepted to and presented in the motion for a new trial or they will be treated as waived by the accused. The proceedings here complained of come within the latter class.

The next objection argued is that the court erred in its instructions to the jury, and this objection embraces two com-

plaints: First, that the court failed to sufficiently instruct the jury upon certain questions involved; and second, that some of the instructions given were erroneous. The general rule is that if counsel for one on trial for crime desires a special instruction given, or that one that is given shall be made more specific or comprehensive, then such counsel shall prepare the instruction desired, present it to the court in seasonable time and request that it be given. In this case counsel presented no requests for instructions, and the ones given by the court which are complained of as being insufficient do not misstate the law, but are correct, and fully define the offense with which the prisoner was charged, and in the absence of a request for more specific instructions there is no available error.

That some of the instructions given are erroneous is the next proposition submitted. The instructions consist of thirteen distinct propositions of law, each separately stated and numbered, and the twelfth contains this statement: "You are further instructed that the instrucions herein given you must be considered as a whole; you are not to consider any single one or more of the instructions separately by themselves, but must consider all of the instructions given which bear upon any given proposition."

The instructions as a whole were excepted to as follows, by counsel for defendant: "The court will please note an exception to the instructions," and the foregoing is the only exception taken to the instructions. In the case of *Glasser et al. v. Glasser et al.* 13 Okla. 389, this court held that: "Where the charge to the jury consists of a series of specific instructions separately stated and numbered, a general exception to the entire charge will not be available if any one of said in-

structions are correct." and this rule is also applicable in a criminal cause. (*State v. Nilgus,* 32 Kansas 126) The exception taken is a general one to the whole charge, and does not make specific objection to any particular portion of the charge. The instructions as a whole embody the law as applicable to the case, and while some particular portions might be improved upon, they contain no such erroneous statement of the law as was likely to mislead the jury.

We have examined the entire record, reviewed the evidence, the rulings of the court and the instructions given, and we find no substantial error of which the prisoner is entitled to complain.

The judgment of the district court is affirmed at the costs of the plaintiff in error, and the cause is remanded to the district court with directions to proceed immediately to have the judgment of conviction executed.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.