## S. B. CAVENESS V. STATE.

No. 171. Opinion Filed May 21, 1910.

(109 Pac. 125.)

1. **JUDGES—Prejudice—Disqualification.** Under the law as it existed prior to the passage of the Act approved March 22, 1909. (art. 6, chap. 26 of Snyder's Comp. Laws of Okla.) it was error to refuse a change of judge, where the defendant, before the case was called for trial, filed an affidavit in due form stating that the presiding judge was prejudiced against him, and that by reason thereof he could not have a fair and impartial trial before said judge.

2. **CRIMINAL LAW—Sale of Liquors—Entrapment.** The state is not precluded from prosecuting a defendant for selling liquor because the purchase was made by an officer, for the purpose of instituting a prosecution thereon.

(Syllabus by the Court.)

*Appeal from Pottawatomie County Court; E. D. Reasor, Judge.*

S. B. Caveness was convicted of selling whisky, and he appeals. Reversed and remanded.

*Pendleton, Abernathy & Howell,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE. Before this cause was called for trial below plaintiff in error made and filed an affidavit in due form stating that the presiding judge was prejudiced against him, and that by reason thereof a fair and impartial trial could not be had before said judge; and he prayed a change of judge. The application was overruled, and an exception was taken. The trial was had before the passage of the Act approved March 22, 1909, relating to the disqualiification of judges (art. 6, chap. 26 of Snyder's Comp. Laws of Okla.), and under the uniform holding of this court construing the law as it existed prior to the passage of said act, the court committed reversible error in refusing a change of judge.

The sale in this case, according to the state's evidence, was

made to a deputy sheriff, who purchased the whisky as evidence upon which to base a prosecution. Plaintiff in error contends that in such case, the sale being solicited by an officer and agent of the state, a prosecution therefor cannot be maintained. This is not true. *De Graff v. State,* 2 Okla. Cr. 519, 103 Pac. 538.

For the error indicated the cause is reversed and remanded with directions to set aside the judgment and grant plaintiff in error a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.