### W. H. STACK and H. STERMER v. STATE.

No. A-229. Opinion Filed May 24, 1910.

(109 Pac. 126.)

1. AP'PEAL—Service of Copy of Information. An assignment of error to. the effect that the court erred in not causing a copy of the information to be served on the defendant, is not available on appeal where the record fails to show that the defendant did not have a copy of the information, or that he ever made a demand therefor.

2. SAME. An assignment of error to the effect that the court erred in not causing a copy of the information to be served on the defendant, is not available, if the defendant was at large, could have seen the original information on proper application, and could have taken a copy thereof, if he desired.

3. APPEAL—Exceptions—Necessity. Errors to which no exceptions were taken below, and not fundamental in character, will not be considered on appeal.

4. APPEAL—Briefs—Waiver of Errors. Assignments of error not noticed in plaintiff in error's brief or oral argument, will be treated as abandoned.

5. INTOXICATING LIQUORS—Illegal Sale—Liability of Employer. An employer engaged in the unlawful business of selling liquor is criminally liable for a sale made by his employee in the course of the employer's business, whether such employer be present and consenting to the particular sale or not.

6. SAME—Purchase for Entrapment. The state is not precluded from prosecuting a violation of the prohibition law because the purchase of the liquor was made by an informee, at the instance of the sheriff, and for the purpose of instituting a prosecution.

(Syllabus by the Court.)

4 Cr.—1

*Appeal from the County Court of Comanche County; James H. Wolverton, Judge.*

W. H. Stack and H. Stermer were jointly tried and convicted of the offense of selling intoxicating liquor, and they appeal. Affirmed.

*Ray & Cunningham,* for plaintiffs in error.
*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE. The assignments of error in this court are, that the court below erred in overruling the motion of plaintiffs in error for a new trial; that the court erred in overruling their motion in arrest of judgment; that the court erred in entering judgment and sentence against them upon the information and testimony in said cause; and that the court erred in not causing a copy of the information in said cause to be furnished to plaintiffs in error prior to the trial.

As to the last assignment, it is sufficient to say that the record nowhere discloses that plaintiffs in error did not have a copy of the information, or that they ever made a demand for a copy thereof. It appears from the record that they were at large; and for aught the record shows they could have seen the original information upon application, and could have taken a copy thereof if they desired. This assignment appears to have been an afterthought, and was not raised in the lower cort. It is therefore not available here.

The motion in arrest of judgment was based upon two grounds: first, because the court had no jurisdiction to try the cause; and second, because the law under which plaintiffs in error were being prosecuted was in conflict with the Constitution of the United States. What matter essential to the court's jurisdicion was lacking, and what particular portion of the federal Constitution the law in question contravened, plaintiffs in error have not essayed to tell us, and we shall not hazard a guess.

The first and third assignments may be considered together, and are based upon the contention that the verdict was contrary to the law and the evidence, and that the court erred in giving

certain instructions to the jury. As to the alleged error in the instructions, it is sufficient to say that the record shows no exception to any of the instructions given, and the instructions now complained of are not of that character which the court would consider where no exception to them was saved below. Moreover, no error in the instructions has been pointed out in plaintiffs in error's brief, and therefore if exceptions had been saved, we should treat them as abandoned.

We have examined the evidence, and find it amply sufficient to support the verdict. It contains the direct testimony of one witness to the effect that he bought liquor from Stermer in Stack's place of business. There is plenty of evidence in the record to the effect that Stermer was working for Stack, and that the latter was running a saloon in the city of Lawton; that he was engaged in that business before statehood, and had continued in the business ever since; that his place of business was frequented by a drinking class; that people continually brought liquor out of his place of business and were often seen to leave there in an intoxicated condition. The evidence was amply sufficient for the jury to have found that Stermer was working for Stack, and that he was Stack's agent in the sale of this whisky, and that said sale was made in the course of Stack's business.

It is also contended that the officers of the state procured this offense to be committed, in that they directed the prosecuting witness to go to the defendant's place of business and purchase the liquor in question for the purpose of predicating this prosecution thereon, and that therefore the state is precluded from maintaining this prosecution. Such is not the law. *De Graff v. State,* 2 Okla. Cr. 519, 103 Pac. 538; *Caveness v. State,* 3 Okla. Cr. 729, 109 Pac. 125.

The judgment of the county court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.