### R. A. METCALF v. STATE.

No. A-1746. Opinion Filed July 26, 1913.

(133 Pac. 1131.)

1. **PARTIES TO OFFENSES—Principals.** (a) All persons who take part or participate in the commission of an offense are guilty as principals.

2. **INTOXICATING LIQUORS — Illegal Sales — Agents.** (b) Any person who acts as a messenger or agent of the buyer in going after, purchasing, or bringing to such purchaser intoxicating liquors in this state is thereby aiding and assisting in the sale of such liquor and may be prosecuted for such sale.

*Appeal from County Court, Ellis County;*
*A. L. Squire, Judge.*

R. A. Metcalf was convicted of violating the prohibitory law, and appeals. Affirmed.

*C. B. Leedy* and *J. P. McLaughlin,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, P. J.  The plaintiff in error, R. A. Metcalf, was tried and convicted at the March, 1912, term of the county court of Ellis county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $200 and imprisonment in the county jail of 75 days.

The testimony on behalf of the state shows that one E. F. Brenecke went to the City Hotel in November, 1910, which was owned and operated by the plaintiff in error, and asked the plaintiff in error if he knew where he could get some whisky. That plaintiff in error said he did not know, but would go to see. That witness gave him a dollar. That he left the room and brought back a pint of whisky, set it down, and the witness picked it up and went away. The plaintiff in error, testifying in his own behalf, said that he took the dollar and went across the street and gave it to a man named Riley. That Riley came back with him, but that he did not know what became of the whisky.

In the case of *Buchanan v. State,* 4 Okla. Cr. 645, 112 Pac. 32, 36 L. R. A. (N. S.) 83, this court held that a person who takes part, participates, or engages in any offense is guilty as a principal, and that it is immaterial whether he has any interest in or receives any financial gain from the commission of such crime.

Under the law in this state the plaintiff in error is guilty on his own statement, and it is unnecessary to consider questions raised in his behalf on appeal. No injustice was done, and he was not deprived of any substantial right on the trial.

The judgment is therefore affirmed.

DOYLE and FURMAN, JJ., concur.