## BROWNIE BEARD v. STATE.

No. A-5825.    Opinion Filed May 28, 1927.
(256 Pac. 354.)

Phillips & Phillips, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.    The plaintiff in error, hereinafter called defendant, was convicted in the district court of Bryan county on a charge of rape in the first degree, and sentenced to serve a term of 15 years in the state penitentiary.

The information is in two counts. The first count is an ordinary charge of rape by force overcoming the resistance of the female. Count No. 2 charges an act of sexual intercourse upon a female of unsound mind, incapable through lunacy of giving her consent. The trial was had on the theory that it was a rape by force overcoming the resistance of the female. The witness upon whom the rape is alleged to have been made was married to one Tom Potter, and she testified in response to leading questions that defendant accomplished an act of sexual intercourse upon her by force.

Defendant contends that the prosecuting witness, Blanche May Potter, is incompetent by reason of unsoundness of mind. Section 589, Comp. Stat. 1921, in part reads:

"The following persons, shall be incompetent to testify: First: Persons who are of unsound mind at the time of their production for examination. * * *"

The witness being objected to, the court on preliminary examination took evidence as to the competency of this witness, which evidence was again submitted to the jury. On the request of defendant, certain physicians made an examination of this witness and at the trial gave testimony. This testimony standing alone would be sufficient to require the rejection of the prosecuting witness as incompetent. This was, however, considerably modified upon the cross-examination and the further examination by the court. It was met by rebuttal evidence of the state and by the testimony of the prosecutrix herself. In 1 Wigmore on Evidence, p. 634, § 497, it is said:

"The general rule here applies that the capacity of the person offered as a witness is presumed; i. e., to exclude a witness on the ground of mental or moral incapacity the existence of the incapacity must be made to appear. What is sufficient in order that the offering

party may be put to the necessity of adducing evidence of capacity, and the judge to the necessity of determining the existence of capacity, has not been made entirely clear by decisions. It may be supposed that a mere objection raised and claim to have a voir dire examination would suffice. * * * The ways in which the insanity may appear are four: (1) The general behavior of the person, while in court and before taking the stand, may be such as to exhibit the derangement to the judge; (2) the person may be questioned on the voir dire, so that his conditon appears at once; (3) other witnesses to the derangement may be offered before the person's testimony is begun; (4) the examination or cross-examination may disclose clearly the incapacity, in which case the preceding part of testimony may be struck out, or may disclose grounds of doubt, in which case a voir dire or other witnesses may be resorted to. * * *"

The fact that in the second count of the information it is alleged that the female is of unsound mind does not per se establish her incompetency. This would be true, even though the trial had been had upon said second count. Adams v. State, 5 Okla. Cr. 347, 114 P. 347; 26 A. L. R. 502, note V, and authorities there cited.

The competency of a witness being presumed in the first instance, where a witness is objected to on the ground of incompetency for want of intelligence or on account of unsoundness of mind, it is the province of the trial court to determine the witness' competency. The admissibility of testimony of a witness challenged on the ground of incompetency is within the sound discretion of the trial court, and his decision will not be reversed unless there is a clear abuse of discretion. Here the court held a somewhat extended examination and admitted the witness to testify as competent. Upon a consideration of all the evidence upon this point, including that of the witness herself, we reach the con-

clusion that it is not clearly made to appear that the witness is so mentally deficient as to be incompetent, and her evidence was properly admitted. Adams v. State, supra; 26 A. L. R. 1494, note.

The defendant requested the court to instruct the jury, in substance, that in order to constitute rape in the first degree they must find, beyond a reasonable doubt, that the female resisted the attempt of defendant to accomplish an act of sexual intercourse, and that the act was committed by force, overcoming her resistance, and, although they might find that an act of intercourse was accomplished, if they should find it was accomplished with the consent of the female, though such consent were reluctantly given, the act would not constitute rape. These requests were refused. In lieu thereof the court gave instruction No. 4, as follows:

"Now, in this case, you are instructed that, if you believe and find from the evidence beyond a reasonable doubt that the defendant, Brownie Beard, in Bryan county, state of Oklahoma, on or about the 10th day of September, 1924, was a male person over the age of 14 years, and that he committed an act of sexual intercourse with one Blanche Potter, a female, not the wife of the said Brownie Beard, without the consent and against the will of the said Blanche Potter, by means of force and violence sufficient to overcome, and which did overcome the resistance of the said Blanche Potter, if she did resist, then the defendant would be guilty of rape and it would be your duty to assess his punishment therefor either at death or confinement in the state penitentiary for any term not less than 15 years, in your discretion. If you do not so find, or entertain a reasonable doubt of his guilt, you will acquit the defendant of this charge."

This instruction is involved and its meaning obscure. The rape sought to be proven was under the fourth subdivision of section 1834, Comp. Stat. 1921, which as therein defined consists of an act of sexual in-

tercourse accomplished with a female not the wife of the perpetrator, where she resists, but her resistance is overcome by force and violence. The jury should have had a clear-cut instruction, advising them that, in order to convict a defendant. charged with rape in the first degree upon an adult woman, they must find that the female resisted the act of sexual intercourse, and that such act was accomplished by force and violence overcoming her resistance. A different situation would be presented if the state relied upon the third subdivision of section 1834, where the female is incapable through lunacy or unsoundness of mind of giving consent, or under the fifth subdivision of said section, where she is prevented from resistance by threats, or under the sixth subdivison of said section, where she is prevented by reason of intoxication, etc. Here, however, the state relied upon the evidence that the act was accomplished by force, overcoming resistance of the female. The evidence that the act was accomplished rests upon the testimony of the prosecutrix, who was obviously deficient in intelligence, and, the evidence of resistance on her part being more or less indefinite, the failure of the court to charge clearly upon this point is prejudicial.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.