## BEN LEMMONS v. STATE.

No. A-7459.   Opinion Filed Sept. 13, 1930.
(291 Pac. 159.)

Adam S. Garis, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Major county on a charge of selling whisky to Henry Cully, a minor, and was sentenced to pay a fine of $500 and to serve one year in the state penitentiary.

The evidence for the state discloses a state of facts about as follows:   At the time charged, four high school boys of the town of Cleo, all under the age of 21 years, made up a purse of $1.50 and three of the boys went in an automobile to a point near the house of defendant, where two of them got out of the car, and the other, Henry Cully, went to the house alone and bought a pint of whisky from defendant, which they took back to school with them, and these boys then drank it, after which, and during the course of the afternoon, they had two car wrecks.   The defendant testified that Cully came to his place at the time and sought to buy whisky, but that he did not sell him any.   His testimony is corroborated by his wife.

It is first argued that there is no sufficient proof that the liquor claimed to have been purchased was intoxicating, and the evidence is therefore insufficient.   It is shown the liquor was purchased as whisky and was in the ordinary pint whisky bottle.   Two of the witnesses testified, in substance, that they had drunk whisky before, and this was whisky.   Others testified to the taste and smell, that it burned and was strong.   The proof upon this point is sufficient; the contention cannot be sustained.

It is further argued that Cully, the principal witness for the state, is an accomplice, and that there is no

corroboration of his testimony tending to connect defendant with the commission of the crime. It is the defendant's theory that, as Cully shared the whisky with other boys who had contributed a part of the purchase price, he was an accomplice and equally guilty, citing Kendrick v. State, 11 Okla. Cr. 380, 146 Pac. 727; Moore v. State, 14 Okla. Cr. 292, 170 Pac. 519. Defendant is not charged with selling to any person other than Cully, and it is not shown that he had any knowledge that any other person had contributed to the purchase price or was interested in the purchase. So far as the defendant is concerned the sale is to Cully only. Where one person delivers to another intoxicating liquor in consideration of money then and there paid, such transaction is a completed sale, and, so far as the seller is concerned, it is immaterial that the purchaser subsequently delivers a part of such liquor to other persons who have contributed to the purchase price. In such case the purchaser is not an accomplice of the seller. Buchanan v. State, 4 Okla. Cr. 645, 112 Pac. 32, 36 L. R. A. (N. S.) 83; Darneal v. State, 14 Okla. Cr. 395, 171 Pac. 737; Leigh v. State, 34 Okla. Cr. 338, 246 Pac. 667. These cases simply follow the general rule that the purchaser of intoxicating liquor at an illegal sale is not an accomplice of the seller, and, not being an accomplice, the statutory requirement of section 2701, Comp. St. 1921, requiring corroboration of an accomplice in order to sustain a conviction, has no application.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.