## G. C. STEVENS v. STATE.

No. A-8042. Opinion Filed Aug. 15, 1931.
(2 Pac. [2d] 282.)

A. J. Stevens, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of selling one pint of intoxicating liquor, and was sentenced to pay a fine of $50 and be confined in the county jail for thirty days. From which judgment and sentence the defendant has appealed.

The testimony on behalf of the state is, in substance, as follows: K. W. Greer and Charles Johnson, who were officers, gave two $1 bills to George Applegate and asked him to go and try to buy some whisky from the defendant and others. George Applegate testified he went to where the defendant was, in company with Lee Holder and Clyde Heady, and bought one pint of whisky and paid him for the same with the two $1 bills the officers had given him; he returned to the cemetery where the officers were waiting for him and delivered the pint of whisky to the officers. The other parties with Applegate testified, in substance, the same as Applegate.

The defendant denies he sold any whisky to Applegate, but admits that Applegate and the parties who were with him came to where he was at his mother-in-law's and tried to buy some wine or whisky, and that Applegate was indebted to him in the sum of $5 borrowed money, and defendant states he told Applegate, if he had money to buy whisky, he wanted him to pay him what he owed him; that Applegate gave him the two $1 bills and he accepted it as part payment on the $5 indebtedness of Applegate. The wife of the defendant and the mother-in-law testified they were eating dinner when the prosecuting witness came to the house and the defendant went out and talked to them, but he never left the premises, and did not go away,

as stated by the prosecuting witness, and get whisky for them. Some of the witnesses against the defendant had been convicted of crime prior to testifying in this case, and the prosecuting witness admits that when they started out that morning they had three pints of whisky and claim they broke them when they saw the officers.

Several errors have been assigned by the defendant and urged as grounds for reversal. The first error assigned by the defendant is:

"That the court erred in overruling the motion of plaintiff in error for a new trial."

This assignment covers all the errors assigned and urged by the defendant. One of the main questions urged by the defendant is that the prosecuting witnesses were promised immunity for the whisky they had if they would assist the officers in entrapping the defendant. The defendant urges that the law of entrapment is a good defense in a criminal action, and cites, in support of his contention, Warren et al. v. State, 35 Okla. Cr. 430, 251 Pac. 101. Paragraph 2 of the syllabus is as follows:

"Where one is charged with a crime and depends on the theory that the acts constituting an essential element of the alleged offense were instigated by officials or persons acting under their direction, the test of criminality is, Did the officers or those acting under them first suggest the commission of the criminal act or lure the accused into the commission of such acts or perform any of the essential acts constituting the offense? If so, a sound public policy will not uphold a conviction. But, if the first suggestion for the commission of the crime came from the defendant, and all of the essential acts constituting the crime were done by him, then the fact that the officers or those acting under them, for the purpose of entrapment, furnished an opportunity and lent aid to the commission of the offense less than the performing of

some essential act constituting the offense, or were present with and apparently assisting in the commission of the crime, constitutes no defense."

The appellate courts do not look with favor upon the practice of officers hiring men to go out and entrap parties by buying whisky from them or causing them to commit a crime and then returning and informing the officers of what they had done. However, the state is not precluded from prosecuting a defendant for selling liquor because the purchase was made by the officers for the purpose of instituting the prosecution against them. Caveness v. State, 3 Okla. Cr. 729, 109 Pac. 125.

In the case of De Graff v. State, 2 Okla. Cr. 519, 103 Pac. 538, paragraph 4-c of the syllabus says:

"It is not improper for officers, charged with the duty of enforcing the laws, to employ detectives to ferret out and procure evidence for the prosecution of parties who violate the law."

The holding of the court in De Graff v. State, supra, has been adhered to until the present time. After a careful reading and study of the record we find a conflict in the evidence which conflict was settled by the jury against the defendant. The instructions of the court correctly stated the law applicable to the facts in the case. The defendant was accorded a fair and impartial trial. No reason is apparent why the judgment should be disturbed.

The judgment of the lower court is affirmed.

EDWARDS and CHAPPELL, JJ., concur.