## JIM McBRAIN v. STATE.

No. A-9172.   Feb. 5, 1937.
(65 Pac. [2d] 202.)

Jno. V. Roberts, for plaintiff in error.

Mac Q. Williamson, for the State.

DAVENPORT, P. J.   The plaintiff in error was charged by information with the keeping in his possession one copper still boiler and tank without his having registered the same properly with the United States officer and obtaining from the said officer a certificate of registration, and without filing said certificate or a copy thereof with the county clerk of Grant county, Okla., the county in which the offense is alleged to have been committed. For which crime the defendant was convicted and his punishment fixed at six months in the county jail and a fine of $500.

Glenn D. Davis, a witness for the state, stated:

"I am sheriff of Grant county, Oklahoma. On May 7, 1935, I went with other officers to the Harvey Venn farm in Grant county; we searched the Venn place and found a still; Venn was living on the farm searched; no one was with the still, so we stayed there until the next day, when Jim McBrain came to it; he took the still down and scattered it around in a thicket of plum bushes."

The testimony further shows that the other officer corroborated the statements of Sheriff Davis. The plaintiff in error, the defendant in the lower court, signed a statement admitting he owned the still, consisting of one copper pot or boiler of about 75-gallon capacity, naming the other parts of the still, and also stated the statement

had been made voluntarily and of his own free will and accord and without any duress exercised against him.

The defendant, testifying in his own behalf, admitted the still found at the Harvey Venn place was his, and stated he was paying Mr. Venn $1.50 a day when the still was operated. McBrain, the defendant, further stated that the still had not been operated for two or three weeks, and so far as he was concerned it probably would not be operated again.

He then testified that Venn phoned him the day before he went out to Venn's place and asked him to come out, told him he had a cow for sale. "I went out to the Venn place and Venn told me he wanted me to get the still away from there. We took the still and threw the pieces in the thicket, and the officers came up to where we were." The record shows that Mr. Venn was taken to town and he was released.

The defendant admits he was the owner of the still, and as a defense he says he was entrapped into going out to the Harvey Venn farm. He does not contend any one entrapped him into owning the still or in making whisky with the still. The only reason given by him that he was entrapped is that Venn phoned him to come out to his place; that he had a cow for sale. This in no way relates to the commission of the offense. The foregoing is in substance the testimony.

The only assignment of error presented in defendant's brief and argued is that the court erred in refusing to give his requested instruction on the question of entrapment.

The testimony in this case fails to show that any one entrapped the defendant into the offense charged against him, that is, that he was entrapped in owning and con-

trolling the still found. On the contrary he admits his guilt.

In the case of Caveness v. State, 3 Okla. Cr. 729, 109 Pac. 125, in the body of the opinion the court said:

"The state is not precluded from prosecuting the defendant for selling liquor because the purchase was made by the officer for the purpose of instituting a prosecution against him."

In the case of De Graff v. State, 2 Okla. Cr. 519, 103 Pac. 538, 539, paragraph 4-c of the syllabus, the court said:

"It is not improper for officers, charged with the duty of enforcing the laws, to employ detectives to ferret out and procure evidence for the prosecution of parties who violate the law."

The holding of the court in De Graff v. State, supra, has been adhered to by this court. The court did not err in refusing to give the requested instruction of the defendant.

There is nothing in this record to show that the defendant was a law violator. The charge against him seems to be his first offense. It is further shown by the record, and undisputed by the state, that the defendant had not been out to the place where the still was located for more than two or three weeks, and that he did not intend to go out there or use the still any longer, and that Mr. Venn sought to shift the responsibility of his connection with it to the defendant. The punishment imposed in this case, under the facts, in the minds of the court is excessive, and should be modified from a fine of $500 and six months in jail, to a fine of $200 and 60 days in jail, and as modified the judgment is affirmed.

DOYLE and BAREFOOT, JJ., concur.