## BERT MEDLOCK v. STATE.

No. A-9444. April 7, 1939.
(89 P. 2d 377.)

Joe Adwon, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., and Phil E. Daugherty, Asst. Co. Atty., both of Oklahoma City, for the State.

BAREFOOT, J.   Defendant was charged in the court of common pleas of Oklahoma county, with the crime of selling one pint of intoxicating liquor; was tried, convicted, and sentenced to pay a fine of $50, and to serve 60 days in the county jail, and has appealed.

Defendant was charged with selling a pint of intoxicating liquor on the 4th day of December, 1936, to Tom Lever.   The record reveals that Tom Lever, a deputy sheriff, and three other deputies drove to the home of defendant on the evening of the date alleged.   That Tom Lever went into the home, and the other three deputies remained on the outside where they could see the house.   The witness Tom Lever testified that he purchased a pint of Crab Orchard whisky from defendant, and paid him $2 therefor.   That defendant stepped into the adjoining room to get the whisky, and the transaction did not consume over three or four minutes.   That after he bought and paid for the whisky he informed defendant that he was an officer and placed him under arrest, and called the other three deputies.

Each of these three witnesses testified and corroborated the evidence of the witness Tom Lever, and each one testified they were watching the house and no one left the premises.

Defendant did not testify but his wife did so.   She corroborated the evidence of the witness Tom Lever as to the securing of the whisky, but she testified her husband told him he did not have any whisky on hand but might get him some.   That her husband left the house and was gone for a period of 15 minutes and returned with a bottle of whisky which was delivered by him to the witness.

Under this evidence there is no question as to the guilt of this defendant from not only the state's evidence, but also from the evidence offered by defendant. Buchanan v. State, 4 Okla. Cr. 645, 112 P. 32, 36 L.R.A., N. S., 83, overruling the case of Reed v. State, 3 Okla. Cr. 16, 103 P. 1070, 24 L.R.A., N. S., 268; Lamm v. State, 4 Okla. Cr. 641, 111 P. 1002; Metcalf v. State, 10 Okla. Cr. 77, 133 P. 1130; Cantrell v. State, 10 Okla. Cr. 304, 135 P. 1158.

It is contended that under the above statement that the court erred in refusing to give the following requested instruction:

"One of the defenses in this case is that of entrapment, and, in this connection, you are instructed that a decoy or informer may be used to detect or entrap a criminal, and as such may afford an opportunity for a criminal to commit a crime and may be present apparently assisting in the commission of a crime, and such action on the part of the decoy will not constitute a defense. But, when the decoy first suggests, initiates, or induces the commission of the crime, or, as it is sometimes said, 'artificially propagates' the crime, and thereby lures an otherwise innocent person to aid and abet him, or where the decoy himself does some act essential to the crime charged, a sound public policy will not uphold a conviction; and if you find from the evidence in this case that the crime with which the defendant is charged did not originate with him but did originate with the informer, and the defendant was lured into the commission of the offense charged in order to prosecute him or if you have a reasonable doubt thereof, then it shall be your duty to acquit the defendant."

We do not think the facts in this case justified the giving of the requested instruction. In our opinion this question has been settled by the decisions of this court many times. See Caveness v. State, 3 Okla. Cr. 729, 109 P. 125; De Graff v. State, 2 Okla. Cr. 519, 103 P. 538; Moss v. State, 4 Okla. Cr. 247, 111 P. 950, and cases heretofore cited.

Counsel for defendant seems to think that the requested instruction presents a new issue, but we are unable to see

any issue in this case that has not heretofore been decided.

Under the evidence there is no question as to the guilt of the defendant and the jury was justified in so finding.

The judgment of the court of common pleas of Oklahoma county is, therefore, affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.