## L. A. HIATT v. STATE.

No. A-9492. Sept. 22, 1939.
(94 P. 2d 262.)

J. Scott Vincent, of Cheyenne, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Carl A. Beavin, Co. Atty., of Cheyenne, for the State.

BAREFOOT, J. Defendant was charged in the county court of Roger Mills county, with the crime of selling intoxicating liquor; was tried, convicted and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

The record in this case reveals that the defendant's home and place of business was located on the highway four miles north of Cheyenne, Roger Mills county. He was charged with selling one and a half pints of whisky

to Bruce Rainey and Edward Snyder, on the 13th day of January, 1938.

The evidence reveals that Bruce Rainey was a constable at Weatherford, in Custer county; that he had a warrant for the arrest of a party on a bogus check charge who lived in Roger Mills county; that he went to that county on the 13th day of January, 1938, and Edward Snyder, who was a senior student in the Southwestern State Teachers' College, at Weatherford, accompanied him. They went to the sheriff's office to get his assistance in locating the party whom they desired to see, and while there the sheriff talked to them about the defendant; and they were given $3 by the sheriff to buy whisky from the defendant. They each testified that they went to the place of business of defendant and there purchased from him a half pint of whisky, which they drank, and then purchased a pint of whisky, which they marked by signing their names and placing the date the liquor was bought on the bottle. This bottle of whisky was turned to the sheriff, who in company with his undersheriff had followed the parties, and was in close proximity to where the liquor was sold. The bottle of whisky was introduced in evidence and identified by the witnesses.

The defendant testified that he did not sell the liquor, and that he had never seen the parties until the day of the trial.

The evidence revealed that the witness Bruce Rainey had been to the penitentiary for burglary, and had upon two occasions been confined in the insane asylum, but had escaped therefrom and his case had been closed upon the books of that institution.

Defendant has presented and discussed in his brief several assignments of error. We have carefully considered them and find no error that would require a reversal of this case.

It is contended that the jury, while deliberating on their verdict, were brought into court, and there saw defendant on trial on a whisky charge which was a different case. There is nothing in the record to sustain the statements made in defendant's brief. Nothing appears in the motion for a new trial in reference thereto.

It is contended that the evidence was insufficient to support the verdict. This contention is based upon the fact that the witness Bruce Rainey was a morphine addict, and had twice been committed to the hospital for the insane as an insane person, and that both times he had escaped from the hospital. This contention is based upon a motion for new trial filed more than three weeks after the motion for new trial had been overruled, and defendant had been sentenced. Notwithstanding the testimony of the witness Rainey, the evidence of the witness Snyder, who was unimpeached, was sufficient for the jury to find the defendant guilty. In the case of Medlock v. State, 66 Okla. Cr. 27, 89 P. 2d 377, this court said:

"The sale of intoxicating liquor to an officer is as unlawful as is the sale of intoxicating liquor to any individual."

The failure of the court to permit counsel for defendant to ask certain questions on cross-examination was clearly not erroneous. These questions were upon wholly immaterial matters and no effort was made to show that they were in any way material to the issues of the case.

Defendant's motion for a continuance of the hearing of the motion for new trial did not comply with the statute. Okla. Stats. 1931, sec. 397; Okla. Stats. Anno., title 12, sec. 668. The defendant was convicted on the 9th day of February. The motion for new trial was not passed on until the 16th day of February.

The contention that the defendant presented "newly discovered evidence," which consisted of the fact that the

witness Bruce Rainey had been in the state hospital for the insane and had escaped therefrom was not sufficient to grant a new trial in this case. Section 272, Oklahoma Stats. 1931; Okla. Stats. Annot., title 12, sec. 385, relating to the competency of witnesses is cited, but a reading of the same shows that it applies to an unsound mental condition at the time the witness is called to testify. No evidence was offered to show that the witness was suffering from any mental deficiency at the time of this trial.

Section 5045, Okla. Stats. 1931, Okla. Stats. Annot. title 35, sec. 1, is cited by defendant. The act now in force with reference to the admission of persons to the state hospital for insane was adopted in 1917, and is article 1, ch. 26, Okla. Stats. 1931, secs. 4994 to 5038, Okla. Stats. Annot. title 35, sec. 51 et seq.

These different statutes have been construed by the Supreme Court of this state in the case of Kirk v. McClendon, 94 Okla. 33, 220 P. 949. In the fourth paragraph of the syllabus the court says:

"An order of a board of insanity, adjudging one to be insane, has no bearing upon his legal, mental status; the effect of such an order is to admit one to the state hospital for treatment, as the members of such board do not act as judicial officers, but as a special board, clothed with a special power only; and the fact that the county judge is a member of said board does not affect the matter, as he acts as any other member of the board and not as a county judge or as a county court."

See, also, Clements v. McGinn, 4 Cal. Unrep. 163, 33 P. 920; People v. Tyree, 21 Cal. App. 701, 132 P. 784; State v. Simes, 12 Idaho, 310, 85 P. 914, 9 Ann. Cas. 1216; City of Guthrie v. Shaffer, 7 Okla. 459, 54 P. 698; Beard v. State, 37 Okla. Cr. 62, 256 P. 354. See, also, Quinn v. State, 55 Okla. Cr. 116, 25 P. 2d 711, 712; Caple v. State, 3 Okla. Cr. 621, 622, 105 P. 681.

Finding no error, it is the judgment of the court that the judgment and sentence of the county court of Roger Mills county should be affirmed, and it is so ordered.

DOYLE, P. J., and DAVENPORT, J., concur.