# DEE HARDY v. STATE.

No. A-9839.   July 16, 1941.

(115 P. 2d 767.)

Roy Lowe, of Wewoka, and Ernest Richards, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Dee Hardy, was by information filed in the county court of Seminole county charged with the offense of the unlawful sale of intoxicating liquor, was tried, convicted, and sentenced to serve 30 days in the county jail and to pay a fine of $50, from which judgment and sentence the defendant appeals to this court.

The only assignment of error seriously urged by the defendant for reversal of this case is that the evidence is insufficient to support the judgment and sentence.

The state offered the testimony of Officers Lofton and Dove. On October 6, 1939, Lofton went into the kitchen of the El Centro Cafe in Seminole and asked defendant for a pint of whisky. Defendant stated to him that he would have to go outside to the car in order to get the whisky. He was gone about 15 or 20 minutes;

then returned with the whisky, which Lofton paid for and received.

Officer Dove, who had remained on the outside, saw defendant go out to the back of the cafe, search in the turtleback of a car, and get something. Defendant stated to the officers that he had stolen the whisky from the car.

Defendant, testifying in his own behalf, denied making the sale.

Counsel for defendant argue that the only evidence offered by the state is the uncorroborated testimony of accomplices, and for that reason is insufficient.

In the case of Hiatt v. State, 67 Okla. Cr. 372, 94 P. 2d 262, it is stated:

"The sale of intoxicating liquor to an officer is as unlawful as is the sale of intoxicating liquor to any individual," citing Medlock v. State, 66 Okla. Cr. 27, 89 P. 2d 377.

This court held in Leigh v. State, 34 Okla. Cr. 338, 246 P. 667:

"The purchaser of intoxicating liquor at an illegal sale is not an accomplice of the seller, and his testimony is not required to be corroborated in order to sustain a conviction for the sale of such liquor."

See, also, Lemmons v. State, 48 Okla. Cr. 302, 291 P. 159.

The contention of the defendant is without merit, and this cause is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.