## C. W. TIPTON v. STATE.

No. A-10390. March 7, 1945.

(156 P. 2d 825.)

50

J. Garnett Hughes, of Hobart, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Gerald Watts, Co. Atty., of Hobart, for defendant in error.

BAREOOT, P. J.  Defendant, C. W. Tipton, was charged in the county court of Kiowa county with the sale of intoxicating liquor, to wit:  One pint of "Fortuna" whisky, for the sum of $3.50, to H. B. Crider.  He was tried, convicted and sentenced to pay a fine of $50 and to serve 30 days in the county jail, and has appealed.

For reversal of this case, it is contended:

"The evidence clearly reveals that the crime committed by the defendant was planned and procured by the prosecuting witness, H. B. Crider, and defendant was induced by the trickery and fraud of Crider to commit the offense of which he was found guilty, and defendant was 'entrapped' into the commitment of such offense by the trickery and fraud, and would not have committed such crime but for trickery and fraud, and the trial court therefore erred in refusing to give defendant's offered instructions numbered one and two, on the question of 'entrapment.' "

The evidence in this case reveals that the prosecuting witness, H. B. Crider, was a state enforcement officer, working out of the office of the Governor, and that on November 18, 1942, he and Floyd Park, a fellow officer, were in the city of Hobart, Kiowa county.  They went to the home of defendant, and Officer Crider went to the back door and purchased from defendant one pint of whisky for a consideration of $3.50.  This whisky was

paid for with a $5 bill, which was marked and the identical bill was taken from the person of defendant after his arrest, and when searched before being placed in jail.

Defendant testified that the prosecuting witness came to his door and his wife opened the door. She called defendant, and he talked with the prosecuting witness, who told him that he needed some whisky; that he was sick and feeling badly after being out the night before; that he was a newcomer in the community and was working out at the airfield. Defendant admitted selling the pint of whisky for $3.50, but said it was only cost price, and was whisky he had for his own use, and he only sold it because the prosecuting witness told him he was sick.

After the sale of the whisky, as above outlined, the two officers searched defendant's premises, and found two additional pints of whisky.

Defendant testified that one of the officers tried to get him to assist them in buying whisky and procuring the arrest of others. This he refused to do.

From the above statement, it will be readily observed that there was no entrapment of defendant, and the court did not err in refusing to give the requested instructions on entrapment offered by defendant. Stevens v. State, 51 Okla. Cr. 451, 2 P. 2d 282.

Defendant cites the cases of Wooten v. State, 70 Okla. Cr. 292, 106 P. 2d 132, and Sanders et al. v. State, 72 Okla. Cr. 85, 113 P. 2d 198, in support of his contention. The facts in those cases are clearly distinguishable from the facts here.

In this case there was no entrapment as contemplated by the law. The testimony of the prosecuting witness was that just as soon as he convinced the defendant that he was

"all right" that defendant said, "I believe I will sell it to you"; and the sale was consummated by defendant accepting the money, and the witness receiving the pint of whisky. The fact that the prosecuting witness was an officer did not in any way affect the sale. Caveness v. State, 3 Okla. Cr. 729, 109 P. 125; Stack v. State, 4 Okla. Cr. 1, 109 P. 126; Medlock v. State, 66 Okla. Cr. 27, 89 P. 2d 377; Hiatt v. State, 67 Okla. Cr. 372, 94 P. 2d 262.

Finding no error in the record, the judgment and sentence of the county court of Kiowa county is affirmed.

JONES, J., concurs.   DOYLE, J., not participating.