SAM KUTZ v. STATE.

No. A-10830.    Jan. 7, 1948.

(188 P. 2d 703.)

424

Robert O. Swimmer, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Warren H. Edwards, County Atty., Oklahoma County, Oklahoma, of Oklahoma City, for defendant in error.

BAREFOOT, P. J.  Defendant, Sam Kutz, was charged in the court of common pleas of Oklahoma county with the offense of selling intoxicating liquor; was tried, convicted and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days. From this judgment and sentence he has appealed.

For reversal of this case, defendant sets out three assignments of error, as follows:

"Instigation of the alleged illegal sale by officer of the law was an illegal and unlawful attempt to circumvent Article II, sec. 30 of Oklahoma State Constitution, prohibiting illegal search and seizure.

"Error of the trial court in refusing to allow defendant to develop his theory of defense of entrapment.

"Error of trial court in failing to submit defense theory of entrapment to jury for consideration; failing to give its own instruction concerning the theory of defense and refusing to submit instructions prepared and offered by defense counsel."

The information in this case charges:

"* * * on the 20th day of August, A. D. 1946, in Oklahoma County, State of Oklahoma, Sam Kutz * * * did then and there wilfully, unlawfully and wrongfully commit the crime of Selling Intoxicating Liquor, in the manner and form as follows, to-wit: That is to say, the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, wrongfully and unlawfully sell, transfer and deliver to A. J. Beddo, one pint of whisky for $6.00, * * *."

The evidence reveals that on the date named in the information, A. J. Beddo, a member of the Oklahoma State Highway Patrol, dressed in civilian clothes and accompanied by a young lady, Aline Purdy, went to the home of the defendant, drove in the driveway and sounded the horn of his automobile. The defendant responded, and Mr. Beddo asked if he had any whisky. Defendant replied that he had some Hill and Hill, at $6 a pint, and he thought he had some Philadelphia at $5.50 a pint. Beddo purchased one pint of Hill and Hill, gave the defendant $6, and left. Within an hour he returned with officers from the sheriff's force, armed with a search warrant, and defendant's home was searched. They found no liquor. Aline Purdy corroborated the testimony of the witness A. J. Beddo, and stated she went with him as a witness. L. H. Kolb of the sheriff's force identified the pint of whisky which was introduced in evidence.

This was all the testimony of the state, and the defendant offered no testimony whatever.

Defendant filed a motion to suppress the evidence in which he attacks the validity of the search warrant, and the affidavit upon which it was predicated. Neither of these instruments is shown in the case-made. A hearing was had upon the motion and the testimony of the defendant A. J. Beddo offered. The court overruled the motion, and the case was tried upon the merits.

The validity of the search warrant was in no way involved in this case. The charge was for unlawfully selling intoxicating liquor to A. J. Beddo. The court did not err in overruling the motion to suppress the evidence.

We have examined the cases of Hoppes v. State, 70 Okla. Cr. 179, 105 P. 2d 433, and State v. Coburn, 68 Okla. Cr. 67, 95 P. 2d 670, cited by defendant. The facts in these cases have no application to the facts here involved.

Applying the law to the facts here presented, there was no question of entrapment in this case. This question has been often decided by this court. Medlock v. State, 66 Okla. Cr. 27, 89 P. 2d 377; Hiatt v. State, 67 Okla. Cr. 372, 94 P. 2d 262; Hardy v. State, 72 Okla. Cr. 303, 115 P. 2d 767; Tipton v. State, 80 Okla. Cr. 49, 156 P. 2d 825; Stevens v. State, 51 Okla. Cr. 451, 2 P. 2d 282.

Under the facts here presented and the law as announced in the decisions above cited, it was not error for the court to refuse to instruct the jury as requested, upon the question of entrapment. The cases of Bradley v. State, 63 Okla. Cr. 203, 74 P. 2d 126, and Huff v. Territory, 15 Okla. 376, 85 P. 241, have no application to the facts here presented.

Finding no error in the record, the judgment of the court of common pleas of Oklahoma county is affirmed.

JONES and BRETT, JJ., concur.