## CARR v. STATE.

No. A-11594.  Sept. 3, 1952.

(248 P. 2d 251.)

John L. Ward, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Ass't Atty. Gen., for defendant in error.

POWELL, J. Lee Carr has appealed from a conviction in the court of common pleas of Tulsa County, on a charge of unlawful possession of intoxicating liquor. He was sentenced to serve 30 days in the county jail and to pay a fine of $50.

There is no dispute but that defendant actually had possession of the intoxicating liquor in amount of 17 pints and 14 half pints of whiskey and gin as listed and itemized by the officers, and that defendant possessed a current Federal retail liquor dealers' stamp. But counsel argues, under a single proposition, that the case should be reversed for the reason:

"That the court erred in overruling defendant's motion to suppress the evidence for the reason that the search warrant herein was not served in the manner as required by statute, and that an unlawful search was made and begun in violation of the constitutional rights of the defendant."

The evidence disclosed that three deputies of the sheriff of Tulsa county, armed with a search warrant to search the home of defendant located in Tulsa county, as shown in the search warrant, drove out from Tulsa to make the search. On the way the three decided that Deputy Floyd Jordan should serve the warrant, but was to first attempt to purchase a pint of whiskey in an effort to locate the hiding place and then was to serve the warrant, and deputies Bradshaw and Rains were to remain in the car until this effort was made. Accordingly, Deputy Jordan knocked on defendant's front door and the wife of defendant answered, and after some conversation invited Jordan into the home. It seems that Mrs. Carr told the deputy that her husband was not at home, and when he stated that he wanted to purchase a pint of whiskey, that she denied having any liquor, but when the deputy told her that some particular person sent him ( the name not being shown in the record) she agreed to get him the whiskey and went through the house to the back door and went outside,

after which Jordan followed, slamming the screen door. Mrs. Jordan had entered an outhouse or garage. The other two deputies immediately joined Jordan in the yard and soon Mrs. Carr came out of the garage with a pint bottle of whiskey, whereupon Jordan served her with the search warrant and proceeded to search the garage and located the whiskey, which was cleverly hidden by sliding panels. Soon the defendant appeared and told the officers that the whiskey did not belong to his wife, but to him. The arrest and charge followed. No charge for unlawful possession or sale was filed against the wife.

Counsel contends that Officer Jordan tricked defendant's wife and thereby gained entrance to the home; that he should have served the search warrant immediately. Counsel admits that under some circumstances the officers would not be required to first serve the warrant, as where there was flight or an attempt to break the bottles containing the liquor, etc. Quite a number of cases are cited where the warrant was not served, but such cases have no application to the facts in the within case.

To commence with, the defendant's wife invited Officer Jordan in the house. That he did trick her into the invitation there is not much doubt. Nevertheless, he entered at her invitation, and she did agree to sell him a pint of whiskey. The officer did not search the house. He did follow her out to the garage and the other officers then came into the yard and when defendant's wife came out of the garage Jordan did serve the warrant, the regularity of which there is no complaint, and thereafter did search the garage.

The statute involved is Tit. 37 O. S. 1951 § 84, the pertinent part being:

"* * * A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, * * *."

The statute does not specify just when the warrant shall be served. But the fact remains that it was in this case served prior to the search. Only the garage was searched. The agreement to sell the liquor had enabled the officers to locate a clever hiding place that they might never have been able to find but for the proposed purchase by the officers. The only question that presents itself from the facts stated, is whether or not the artifice of the officer prior to serving the warrant and search would preclude the state from using the liquor discovered by reason of such conduct in evidence in the prosecution for unlawful possession, that followed.

This principle was involved in Tipton v. State, 80 Okla. Cr. 49, 156 P. 2d 825; Finley v. State, 91 Okla. Cr. 137, 217 P. 8d 189; Caveness v. State, 3 Okla. Cr. 729, 109 P. 125; Stack v. State, 4 Okla. Cr. 1, 109 P. 126; Medlock v. State, 66 Okla. Cr. 27, 89 P. 2d 377; Hiatt v. State, 67 Okla. Cr. 372, 94 P. 2d 262. In the Tipton case this court said:

"The State is not precluded from prosecuting a defendant for selling liquor because the purchase was made by an officer, for the purpose of instituting a prosecution."

In the Tipton case it is pointed out that no question of entrapment is involved in a case where the officers purchased whiskey from a bootlegger. (On the question of entrapment see Shouquette v. State, 25 Okla. Cr. 169, 219 P. 727; Wooten v. State, 70 Okla. Cr. 292, 106 P. 2d 132.) It is as much against the law to sell whiskey to an officer as to anyone else. It follows that if the evidence so uncovered may be used in a prosecution for the sale of liquor, it can also be used as evidence in a prosecution for unlawful possession of whiskey discovered by knowledge gained during the process of purchase of one pint of whiskey, but by a search authorized by a search warrant duly served prior to search. The above cases settle the principle involved, and they may be read for dissertation

on the moral issues suggested. The question has been long settled in this jurisdiction.

Accordingly, the case is affirmed.

BRETT, P. J., and JONES, J., concur.