## HOOD v. STATE.
### No. A–11889.

Criminal Court of Appeals of Oklahoma.

March 24, 1954.

Rehearing Denied April 21, 1954.

Ungerman, Whitebrook, Grabel & Ungerman, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Jacquilin Hood, defendant below, was charged in the court of common pleas of Tulsa county, Oklahoma, with the offense of selling one-half pint of tax paid whiskey to one Fred Stapp in said county on the 25th day of August 1951, in violation of the provisions of Title 37, § 1, O.S.1951. A jury was waived, she was tried by the court, found guilty, and sentenced to 30 days in jail and to pay a fine of $50; judgment and sentence was entered accordingly, from which this appeal has been perfected.

The sole question involved in this case is, did the trial court err in not sustaining the defendant's motion to suppress the evidence on the ground of an unlawful search and seizure. The record consists solely of the testimony of one Fred Stapp, deputy sheriff, who was offered in support of the motion by the defendant. It appears Officer Stapp was armed with a search warrant to search the defendant's home; that he went to the defendant's home, was admitted and proceeded to purchase one-half pint of Belmont tax paid whiskey from the defendant Jacquilin Hood. Thereafter other officers, waiting outside, came in, and the warrant was served, and other liquors were seized. In addition to the testimony of Officer Stapp the defendant offered in evidence the search warrant. The search warrant stated in positive terms that the premises located at 709 North Quincy Street in Tulsa was a place of public resort where liquors were sold, etc. The record being such as it is, it is therefore apparent that the officer had a right to be where he was, and in gaining admission to the premises he was not a trespasser. It is fundamental that the sale of liquor to an officer constitutes a violation of law. Kutz v. State, 85 Okl.Cr. 423, 188 P.2d 703; Hiatt v. State, 67 Okl.Cr. 372, 94 P.2d 262; Medlock v. State, 66 Okl.Cr. 27, 89 P.2d 377. The trial court overruled the motion to suppress. Thereafter the defendant stipulated the evidence on the motion to suppress should be considered as the evidence in the case on the merits. It is indisputably clear that the defendant made the sale to Officer Stapp. The sale being made to Officer Stapp he had a right to arrest the defendant Jacquilin Hood, and make the search incident to a lawful arrest even without a warrant as was done in Farmer v. State, 86 Okl.Cr. 308, 192 P.2d 716, 718, wherein it appears that the officers were armed with a search warrant and before the search warrant was served they heard the defendant and his associates say, " 'let's get this stuff out of here.' " The car doors were open and the parties were moving the whiskey from one car to another. One of the cars did not have a top on it and they saw a case of whiskey which was open, when they flashed a light in the car as they passed. They immediately placed the defendant under arrest and seized the liquor. They did not serve the search warrant. Therein this court said:

"Where officer sees a person violating the intoxicating liquor law at a place where the officer has a legal right to be, the officer may without a warrant arrest the person and search his person and immediate possessions for intoxicating liquor."

See also Greer v. State, 88 Okl.Cr. 195, 201 P.2d 274, sustaining the right of an officer to arrest and to search the defendant and his immediate surroundings where a misdemeanor has been committed in his presence. We are of the opinion herein that the subsequent search and seizure in the case at bar was in no way involved in this case, since the question was not a charge of unlawful possession but was one involving a sale. As was said in Kutz v. State, supra [85 Okl.Cr. 423, 188 P.2d 704]:

"The validity of the search warrant was in no way involved in this case. The charge was for unlawfully selling

intoxicating liquor to A. J. Beddo. The court did not err in overruling the motion to suppress the evidence."

There is nothing in this record from which we can conclude that the trial court erred in refusing to sustain the defendant's motion to suppress the evidence, and the evidence is sufficient to sustain the conviction on the merits. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.