## FRANK STANLEY v. STATE.

No. A-4094. Opinion Filed Nov. 5, 1923.
(219 Pac. 734.)
(Syllabus.)

1. **Criminal Law—Fact that Accused Entrapped by Officers no Defense Except Where Officer Proposed Crime and is Chief Moving Actor—Aiding Offender Liable Only upon Participation in Every Ingredient of Crime.** Ordinarily, it is not against public policy for private detectives and officers to set a trap for one suspected of planning the commission of a crime; and if he commits the crime, even though aided or encouraged by the officers or detectives who laid the trap, the fact that he was so entrapped will be no defense.

(a) This rule will not apply, however, where a detective proposes a robbery, and is himself the chief moving actor in the forcible taking of the property. To hold the aiding offender criminally responsible, he must have participated in every ingredient of the offense charged.

2. **Same—Necessity for Instructions Covering Issue as to Whether One Acting with Procurer of Crime Liable.** Where one acts as a detective to entrap others in the commission of a contemplated robbery, and where such detective urges and induces others to join with him, and the detective himself proposes and plans the robbery and is the chief actor in the forcible taking of the property, which would not have been taken but for such inducements, to make one who has been induced to participate with such detective criminally responsible the person so aiding such principal actor must have participated in every ingredient of the offense charged, making as to him a complete offense, independent of the acts of the procuring detective.

(a) Under such circumstances the person appearing to act in concert with the detective is actuated by a different motive, and is not, strictly speaking, an accomplice of the procurer, and not being an accomplice he would not be a principal unless his acts alone include all the elements of the crime charged.

(b) Where such an issue of fact is raised by the evidence, an appropriate instruction as to the law governing that issue should be given.

3. **Robbery—Taking Property with Consent of Owner to Entrap not Robbery.** Where property is taken with the consent of the owner, such taking does not constitute robbery, although the object of the taking is to entrap the perpetrator, who has no knowledge of such consent but really intends to commit the crime.

4. **Criminal Law—Nonliability of One Participating in Crime at Instigation of Detective.** Where a private detective, in conjunction with officers of the court, acts as a decoy and is himself the chief instigator of and performs the major part of the offense, such scheme will be deemed to be against public policy, constituting a good defense against the conviction of any who were induced to participate and who would not have participated without such inducements.

Appeal from District Court, Tulsa County; Redmond S. Cole, Judge.

Frank Stanley was convicted of bank robbery, and he appeals. Reversed and remanded.

Ed Crossland, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Frank Stanley, plaintiff in error, here designated the defendant, was on April 6, 1921, convicted of conjoint robbery, with his punishment fixed by a jury at confinement in the state penitentiary for a term of 15 years.

This is a companion case to case No. A-4097, Shouquette v. State, 25 Okla. Cr. 169, 219 Pac. 727, just decided. The trial of this case followed immediately after the trial of the Shouquette Case. The defendants in the two cases were originally charged jointly with the offense, but on application a severance was granted, and each was tried separately.

The facts as developed in this case were much like those recited in the opinion in the Shouquette Case, and for the sake of brevity they will not be repeated at length in this opinion. So far as is material to the issues involved, the facts shown in this case differ from those in the Shouquette Case in that there was some positive evidence in this case that no part of the plans and preparations for robbing the Sperry bank were formulated or executed at Sandy McMillan's roadhouse, as appeared in the Shouquette Case; that, on the contrary, the arms used in the robbery were brought to Tulsa by the detective Saunders and were not procured at Sandy McMillan's roadhouse. In this case there was more evidence tending to show that Saunders, the procurer and decoy, planned the alleged robbery, and induced the others who participated to join with him in the forcible tak-

ing of the money from the bank, and that without these inducements on his part the robbery of this bank would probably never have occurred. Here, as in the Shouquette Case, it was shown that Saunders, the hired detective, was the chief actor, the man who forcibly took the money and distributed it among his companions, including the defendant.

As in the Shouquette Case, instructions were requested on these issues, which were by the court refused. The findings of law in this case will therefore be the same as in the Shouquette Case, to which reference is made for a more complete recital of facts, in order to better comprehend and understand the deductions set out in the syllabus hereto.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion and the opinion in the Shouquette Case.

MATSON, P. J., and DOYLE, J., concur.