W. R. VANCE v. STATE.

No. A-6332.   Opinion Filed Jan. 19, 1929.
(273 Pac. 1014.)

Mac. Q. Williamson and Blanton, Osborn & Curtis, for appellant.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Garvin county on a charge of embezzlement and was sentenced to imprisonment for the term of one year and one day.

The information properly charges that the defendant did in Garvin county and state of Oklahoma commit the crime of embezzlement.

The defendant in his motion for new trial alleges and sets out seven separate errors claimed to have been committed by the trial court. In the brief filed, all the errors except two appear to have been waived, since they are not discussed.

The first ground of error urged is that the court erred in giving a paragraph of the court's instruction. In instructing the jury the court used the following language: "The charge made against the defendant in the information is embezzlement, and under the law embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted, and the statute provides that if any person, being an officer, director, clerk, servant, or agent of any association, society or corporation, public or private, fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement." The defendant complains because the court in the next instruction used the following language: "Or secrete the same with the

intent to appropriate it to such use or purpose, then and in that event you should find the defendant guilty, and fix his punishment at imprisonment in the state penitentiary for any period of time not more than five years"—leaving out of the secreting clause of the instruction the word "fraudulent." The crime charged in the information was emblezzlement, and there is ample evidence in the record to support a conviction on that charge. The error in omitting the word "fraudulent" in describing the secretion of the embezzled property is not so material as to require a reversal.

The defendant's second assignment of error is that the evidence is insufficient to support the verdict.

Defendant's counsel in his opening statement admitted that the facts expected to be proved by the state were true and there would be no dispute in the facts of the case. The defendant signed a confession of guilt prior to the filing of the information. The defendant did not take the witness stand, and offered no evidence in his behalf, except some witnesses who testified as to his good character prior to the date of the commission of the crime. The evidence introduced on the part of the state was unquestioned and proved beyond any doubt the guilt of the defendant. The jury was merciful and fixed the punishment at one year and one day in the penitentiary, when under the evidence they would have been justified in giving the defendant the full limit of the law.

A careful reading of the record shows that he received a fair trial and that no error was committed prejudicial to his rights, and the judgment appealed from is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.