## LOWERY LEE et al. v. STATE.

No. A-9451. July 7, 1939.
(92 P. 2d 621.)

Kenneth B. Kienzle, of Shawnee, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J. The plaintiffs in error, hereinafter to be called the defendants, Lowery Lee and J. S. Mitchell, were tried and convicted upon an information in substance charging that in Pottawatomie county, on or about the 2nd day of July, 1937, they did willfully have in their possession 190 pints of whisky, with the unlawful intent to sell the same.

Motion for new trial was duly filed and overruled; thereupon the court rendered judgment in conformity to the verdict of the jury and sentenced each defendant to confinement in the county jail for 60 days and to pay a fine of $200 and the costs.

From the judgments they appealed by filing in this court on February 8, 1938, a petition in error with case-made attached.

The errors assigned are based on exceptions taken to rulings of the court in the admission and rejection of testi-

mony, but the principal ground urged for reversal of the judgments is that the court erred in overruling the defendants' motion to suppress the evidence.

The undisputed facts are that on the day alleged, about 6 o'clock p. m., the defendants were arrested on the highway about 3 or 4 miles east of Asher; their car was going westward when stopped by the officers. The search of the car and seizure of the liquor were made by Sheriff Evans, Deputy Sheriff Frazier, and Van Price, city marshal of Tecumseh. The officers found 190 pints of whisky in the car.

Before the trial a motion was made by the defendants to suppress the evidence on the ground that the search and seizure, without a search warrant, were in violation of sections 21 and 30 of the Bill of Rights. Okla. St. Ann. Const. art. 2, §§ 21, 30.

In support of the motion to suppress, defendant Mitchell testified:

"I was arrested on the 2nd day of July, 1937 on the highway between here and Ada; I was driving an automobile, Mr. Lee was with me. The sheriff stopped us and wanted to search the car, I demanded a search warrant, he said he did not have any, I told him he could not search it. And he said, 'I will arrest you then.' The sheriff did not give any reason for placing me under arrest."

The defendant Lowery Lee testified:

"I was in this automobile; I did not agree or consent to any search of the car by the officers."

On behalf of the state, Elza Evans, sheriff of Pottawatomie county, testified:

"I saw these defendants in a car on the highway, 3 or 4 miles east of Asher; Mark Frazier, a deputy sheriff, and V. T. Price, marshal of Tecumseh, were with me. The defendants were driving around 60 to 65 miles an hour and the car was swaying from side to side of the road; when they came to where I was I stopped their car and arrested

them for reckless driving, I then searched their car, and found 190 pints of tax-paid whisky in the trunk of the car."

On cross-examination he stated:

"I stopped them with a shotgun, I never saw either one of them before; I had a call from the police department at Ada of a stolen car with two men in it, and that was the reason I was there, I did not call to Ada and order this whisky brought over here, I don't know of anyone that called; I had the description of the kind of car these men might be in and it described the car they were in. I arrested them for reckless and fast driving; I did not have any knowledge then of any calls made from the sheriff's office in Shawnee to the defendant Lowery Lee at Ada, if any one called I do not know anything about it."

In rebuttal, Lena Kellum testified:

"I live about 6 miles southeast of Asher, on July 2, 1937, between 5 and 6 o'clock in the evening I saw some men arrested on the road between Asher and Konawa; I had been to Konawa shopping and was returning home, Mr. By Barrett was with me in the car, I saw some men on the road there with guns and I saw the car these two men were driving; they passed us just before they got to where they were stopped; I was driving between 15 and 30 miles an hour; I have been driving about a year and I am able to judge the speed of an automobile, and these two men when they passed me in their car were driving 25 or 30 miles an hour; I did not observe anything unusual in their driving."

At the close of the hearing the court overruled the motion to suppress. The defendants and each of them took an exception.

In our opinion the proof shows that the defendants were legally arrested and the court correctly ruled that the motion to suppress the evidence obtained by the search and seizure should be overruled.

It is well settled that when a man is legally arrested for an offense, what is found upon his person, or in his control, which it is unlawful for him to have, and which

may be used to prove the offense, may be seized and held as evidence in the prosecution. Griffin v. State, 57 Okla. Cr. 176, 46 P. 2d 382.

Upon the trial the defendants sought to interpose the defense of entrapment.

The testimony of the first witness for the state, Sheriff Evans, was in substance the same as his testimony upon the motion to suppress. His cross-examination was in part as follows:

"Q. Is it not a fact, Mr. Evans, that on the 2nd day of July, 1937, about 2 o'clock in the afternoon, that your phone down here in the sheriff's office was used to put in a long-distance call to Ada to No. 2168 at Ada, to order a load of liquor brought into Pottawatomie county?"

State's objections sustained.

"Q. I will ask you this: If it is not a fact, Mr. Evans, that you or some of your deputies or some one under your direction ordered this particular load of whisky brought into this county?"

State's objections sustained.

Mark Frazier, deputy sheriff, testified that he saw the defendants on the date alleged on the Konawa road, east of Asher. Sheriff Evans and Mr. Price, marshal of Tecumseh, were with him. Sheriff Evans stopped the automobile they were traveling in, and arrested the defendants, then they searched their car and found 190 pints of tax-paid liquor in the car. His cross-examination was in part as follows:

"Q. Isn't it a fact, or is it within your knowledge at least, that somebody used the sheriff's phone in the sheriff's office, No. 222, and put in a long distance call to Ada, Okla., and ordered this particular load of liquor brought over here, and that they used the name of Shorty Coleson, and that this order was placed on the 2nd day of July, 1937, at 2 o'clock in the afternoon?"

State's objections sustained. Exceptions.

404

At the close of the evidence for the state, the defendants interposed a demurrer to the same, and moved the court to direct the jury to return a verdict of not guilty, for the reason that the state's evidence is insufficent to sustain the allegations of the information. Which was overruled. Exceptions.

The defendants did not testify. The only witness called on their behalf was Grace Lee Moore, who testified: "I live at Ada, and work for the defendant, Mr. Mitchell, his phone number is 2168." Asked if whether or not on the 29th day of June, she received a long-distance call there for the defendant, Lowery Lee. State's objection sustained. Exception. Asked: "Did you have occasion to trace any of the calls that Lowery Lee received on the 29th day of June, or the 2nd day of July, 1937?" State's objection sustained. Exceptions.

Thereupon the defendants made the following profert of proof:

"Mr. Kienzle: Comes now the defendants and each of them and offer to prove by this witness and by other competent evidence that the defendant Lowery Lee received a long-distance telephone call on the 29th day of June, 1937, that the call was traced and that it came from the sheriff's office at Shawnee, Okla.; and we further offer to prove that the same Lowery Lee received another long-distance telephone call on the 2nd day of July, 1937, about 2 o'clock in the afternoon, and that call was later traced and was found to come from the sheriff's office at Shawnee, Okla., and we further offer to prove that in this conversation that was had over long-distance some party in Shawnee, at telephone No. 222, which is the telephone of the sheriff's office here in Shawnee, ordered this particular load of whisky, and had these defendants bring this load of whisky into Pottawatomie county from Pontotoc county, Okla.; and we offer to show thereby the defendants and each of them were entrapped and enticed into violating the prohibitory laws of this state. Mr. Albert: To all of which the state objects for the reason it is incompetent, irrelevant and immaterial as to how or why said defendant and each of them came into said Pottawatomie county, Okla. The only material question

being whether or not the defendants had possession of the whisky as alleged in the information. The Court: Objection sustained. Mr. Kienzle: Exception. We rest."

"Entrapment" is the planning of an offense by an officer and his procurement by improper inducement of its commission by one who would not have perpetrated it except for the trickery or fraud of the officer.

It is stated in 15 Am. Jur., Criminal Law, sec. 335:

"In view of the well-known facts that criminals usually work in secrecy and that some unlawful practices are encouraged and protected by a large class of citizens, it often becomes necessary to resort to various artifices in order to enforce the law and punish its violation. It is not ordinarily permissible for any person, in order to secure the conviction of another on a criminal charge, to procure him to do the act. But there is a very clear distinction between inducing a person to do an unlawful act and setting a trap to catch him in the execution of criminal designs of his own conception. It may therefore be stated as a general rule that where the doing of a particular act is a crime regardless of the consent of any one, the courts are agreed that if the criminal intent originates in the mind of the accused and the criminal offense is complete, the fact that an opportunity is furnished or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor constitutes no defense." Annotation: 18 A.L.R. 146; 66 A.L.R. 479, and 86 A.L.R. 264; Ann. Cas. 1916 C, 732.

The fact that officers or employees of the government merely afford opportunities or facilities for the commission of an offense does not defeat a prosecution therefor. Sorrells v. United States, 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. 413, 86 A.L.R. 249.

In the case of Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 288, 69 L. Ed. 543, 39 A.L.R. 790, it was held that:

"The facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient in themselves to warrant a man of reason-

able caution in the belief that intoxicating liquor was being transported in the automobile which they stopped and searched."

Mr. Chief Justice Taft, delivering the opinion of the court, used the following language:

"It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor, and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search. Travelers may be so stopped in crossing an international boundary because of national self-protection reasonably requiring one entering the country to identify himself as entitled to come in, and his belongings as effects which may be lawfully brought in. But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official, authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise."

In the case of Stanley v. State, 25 Okla. Cr. 195, 219 P. 734, syllabus No. 1, is as follows:

"Ordinarily, it is not against public policy for private detectives and officers to set a trap for one suspected of planning the commission of a crime; and if he commits the crime, even though aided or encouraged by the officers or detectives who laid the trap, the fact that he was so entrapped will be no defense.

"(a) This rule will not apply, however, where a detective proposes a robbery, and is himself the chief moving actor in the forcible taking of the property. To hold the aiding offender criminally responsible, he must have participated in every ingredient of the offense charged."

In the case of Stevens v. State, 51 Okla. Cr. 451, 2 P. 2d 282, 283, it is said:

"One of the main questions urged by the defendant is that the prosecuting witnesses were promised immunity for the whisky they had if they would assist the officers in entrapping the defendant. The defendant urges that the law of entrapment is a good defense in a criminal action and cites, in support of his contention, Warren et al. v. State,

35 Okla. Cr. 430, 251 P. 101. Paragraph 2 of the syllabus is as follows:

" 'Where one is charged with a crime and defends on the theory that the acts constituting an essential element of the alleged offense were instigated by officials or persons acting under their direction, the test of criminality is, Did the officers or those acting under them first suggest the commission of the criminal act or lure the accused into the commission of such acts or perform any of the essential acts constituting the offense? If so, a sound public policy will not uphold a conviction. But, if the first suggestion for the commission of the crime came from the defendant, and all of the essential acts constituting the crime were done by him, then the fact that the officers or those acting under them, for the purpose of entrapment, furnished an opportunity and lent aid to the commission of the offense less than the performing of some essential act constituting the offense, or were present with and apparently assisting in the commission of the crime, constitutes no defense.' "

Whatever may be the general rule in regard to the effect upon the right to convict a defendant who has been entrapped into the commission of a crime, it is generally held to have no application to cases involving the sale or transportation of intoxicating liquors or other violations of the prohibitory laws. In this class of cases criminal intent is not as a rule a necessary element and need not be shown. Annotation 18 A.L.R. 162.

It follows from what has been said and the authorities cited that the trial court did not err in sustaining the objections interposed by the state to the questions asked on cross-examination of the two state's witnesses, and did not err in sustaining the state's objections to the profert of proof made on the part of the defendants, because on the undisputed facts the defense of entrapment sought to be interposed constituted no defense.

No other reason for reversing the judgments appealed from being urged, and it appearing that the defendants had a lawful and fair trial and were properly convicted,

the judgments appealed from should be affirmed. It is so ordered.

BAREFOOT and DAVENPORT, JJ., concur.