**Cleve RYLES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12358.**

Criminal Court of Appeals of Oklahoma.

Nov. 7, 1956.

King & Wadlington, by Carloss Wadlington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Cleve Ryles, defendant below, was charged by information in the District Court of Pontotoc County, Oklahoma, with the commission of the crime of unlawful possession of narcotic. drugs on or about December 11, 1954. Specifically, the information charged the possession of 22 grains of powdered opium, 8½ ounces of paregoric, 135 tablets of ¼ grain codein, 23 tablets of ½ grain codein, 26 tablets of 10 milligram benzedrine, and 30 tablets of 5 milligram benzebar. The defendant was tried by a jury, convicted, his punishment fixed at 5 years confinement in the penitentiary and a fine of $1,000. Judgment and sentence were entered accordingly from which this appeal has been perfected.

Briefly, the facts disclose that the defendant resided in the Valley View Tourist Courts in Ada, Oklahoma. The Sheriff, Ray Goodwin, and a deputy, George Sparkman, were parked half-way in a garage at the back of a house in the vicinity of the tourist court when they observed the defendant emerge from the back of the tourist court, proceed across a wooded area with a paper sack under his arm. When the defendant passed in front of the Sheriff and his deputy, he was within 50 or 60 feet of them and he never got out of their sight. The defendant hid the paper sack under some underbrush. The officers recovered the same and examination disclosed that it contained bottles in which were the narcotics as herein before described. The contents of the bottles were later delivered to the state narcotics agent who had them examined by Mr. Taylor Rogers, State Chemist, who testified as to the kind and character of the narcotics contained in the respective bottles. The Sheriff knew nothing about the defendant having received any communication with any one prior to the time the defendant left the premises. It appears that the defendant and an associate were suspected of having committed a burglary in which a large quantity of diamonds and narcotics were stolen. The record discloses that the defendant had been twice convicted by the United States Government for possession of narcotics; that in addition thereto, he had served time in the reformatory at Granite, Oklahoma, for armed robbery; and he admitted that he had been convicted so many times for violation of the state prohibition laws that he did not recall just how many times he had been convicted.

The defendant's defense was that he had been entrapped. He maintained that he had rented the premises from which he had emerged to a man by the name of Pat McElroy, who had told him by telephone shortly before the preceding events that his place was about to be raided and that he had left a paper sack containing some contraband, and that he should get it out of his house. The defendant disclaimed ownership of the narcotics and said they belonged to McElroy. He attributed the telephone call to the local law enforcement officers and contended that he had been entrapped.

His first contention is that the court erred in refusing to give the jury his requested instructions #1–3 inclusive. These instructions might have been proper had the question of entrapment been involved, but

the record fails to disclose any evidence on the part of the enforcement officers tending to induce the defendant to commit the crime with which he was charged. If he received such a call, the officers were not aware of it and they denied any knowledge of a telephone call being placed to the defendant. Under these conditions, it would have been improper to give the defendant's requested instructions #1–3 inclusive on the question of entrapment.

 It has been repeatedly held that where the intent to commit a crime originates in the mind of the defendant even though persons acting under the directions of peace officers set a trap for the defendant suspected of planning the commission of a crime, if he commits the same, even though encouraged by the officers or persons acting under the directions of officers who laid the trap, a conviction can be had on such a basis for that is not entrapment. To the contrary, if the officer or decoy suggests the commission of a crime, or artificially propagates its inception or lures an otherwise innocent person to commit the crime, and the officers or decoy perform an act essential to the commission of the crime, a conviction cannot be had on such a basis for that is entrapment. Finley v. State, 84 Okl.Cr. 309, 181 P.2d 849; Beasley v. State, Okl.Cr., 282 P.2d 249. Also see annotations 86 A.L.R. 269, supplementing annotations in 18 A.L.R. 170 and 66 A.L.R. 500. Also Lee v. State, 66 Okl.Cr. 399, 92 P.2d 621, and numerous other cases. The record herein, affords no basis for the defense of entrapment and it was therefore not error to reject the defendant's requested instructions #1–3 inclusive.

 Next, the defendant complains that the trial court erred in giving its instruction #4 based upon the statute 63 O.S.1951 § 418. The portion of the instruction complained about reads:

"It is further provided under the law that it shall not be necessary to negative any exception, excuse, proviso, or exemption under the law and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

The defendant contends that this instruction should not have been given since it put the burden of proof on the defendant as to any defense in the case and furthermore since the statute did not apply to him, since he was not a druggist or some person falling within a statutory exemption or exception. The defendant, not being within any exception or exemption provided by law, would therefore fall within the first provision of the instruction which reads:

"The laws of Oklahoma provide that it shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized by law."

We believe that this instruction being in the words of the statute and under the conditions herewith presented, the second paragraph thereof as complained of herein, would constitute harmless error, since it has been held that where the trial court instructs the jury in the exact words of the statute, the instruction is sufficient. The defendant cites no authority to the contrary. Vance v. State, 41 Okl.Cr. 420, 273 P. 1014; Anderson v. State, 21 Okl.Cr. 193, 207 P. 977, holding:

"Instruction, defining offense which substantially follows the language of the statute, is held not to be erroneous."

Since the portion of the instruction complained of placing the burden of proof upon the defendant would be applicable only to one falling within the exemptions or exceptions, the limitation thus placed upon the burden of proof would be applicable only to exemptions and exceptions. The defendant, not coming within the exemptions or exceptions, would not be bound by the burden of proof thereof, and the instruction not being applicable to the burden of proof in the case as a whole, the defendant would not suffer injury by reason of the giving of said instruction by the court. This be-

ing true, the portion complained of was mere surplusage.

■ The next contention of the defendant is that the trial court erred in refusing to give to the jury the defendant's requested instruction #4. This instruction related to the proposition that the defendant by reason of the purported telephone call from McElroy warning him to get the narcotics out of the house and off his premises constituted nothing more than temporary possession and was not such possession as was within the purview of the statute, and therefore the defendant did not have unlawful possession of the narcotic drugs. This proposition was submitted under the trial court's instruction #7 submitting the issue of facts involved in the case on the proposition as to whether the defendant's possession of the narcotics was unlawful and as to whether he had such control of them as to bring him under the statute. The jury was specifically instructed:

"If you do not so find and believe from the evidence or have a reasonable doubt thereof, then it will be your duty to find the defendant not guilty."

It is apparent that the court's instruction #7 covered the issue requested in the defendant's instruction #4.

Finally, the defendant contends that the punishment fixed in the verdict and sentence is excessive and even if the court does not reverse the sentence, because of the trial court's refusal to instruct the jury as requested by the defendant, the punishment inflicted should be modified by this court.

■■ This point is wholly without merit in light of the defendant's past record. He might well have been charged as an habitual criminal or second and subsequent offender, and probably should have been so charged. In assessing the punishment herein, the jury had a right to consider the quantity of narcotics found in the defendant's possession and control as well as his prior record which was made apparent on cross-examination of the defendant. In view of the fact that the punishment imposed is within the limits of the statute, 63 O.S.1951 § 420, as provided by law and was a question for the jury to determine, we cannot rightfully say that the punishment is excessive.

For all the above and foregoing reasons, the judgment and sentence is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.